*Windham,*
July,
1825.

Shepard
*v.*
Shepard.

———◦◆◦———

The town of CHAPLIN *against* HARTSHORNE :

#### IN ERROR.

In a suit by the town for the maintenance of a bastard child, it is sufficient, if the complaint be supported by the oath of one of three or more select-men.

Where the complaint in such suit, averred, that the mother of the child had, at all times, neglected and omitted to bring forward, in her own name, and prosecute to final judgment, her suit for the maintenance of such child; it was held, that this was a sufficient averment of the neglect of the mother to bring forward her suit for maintenance.

In such suit, it is not indispensably necessary for the plaintiffs to make use of the mother as a witness, though alive and present in court; but they may substantiate the facts charged in the complaint, by common law evidence.

This was a suit for the maintenance of a bastard child, instituted and prosecuted by the select-men of the town of *Chaplin,* against *Andrew Hartshorne,* charged with begetting such child on the body of *Melinda Colburn.* The complaint averred, That the mother of said child had, at all times, neglected and omitted to bring forward, in her own name, and prosecute to final judgment, her suit for the maintenance of said child.

The complaint was signed by *David Avery, John Clark* and *James Martin,* select-men of the town of *Chaplin;* and appended to it was a certificate of *Charles Moulton,* justice of the peace, that *David Avery,* one of the select-men of the town of *Chaplin,* made solemn oath before him, that he verily believed, that the facts set forth in the complaint were true.

Before the justice, to whom the complaint was preferred, the defendant pleaded several matters in abatement; particularly, that only one of the select-men had made oath to the truth of the facts alleged in the complaint, whereas a major part of them, at least, ought to have made such oath. On a demurrer to this plea, it was adjudged insufficient; and, after a hearing of the merits, the defendant was bound over to the county court.

On the trial of the cause in the county court, on the issue of *Not guilty,* the plaintiff attempted to support the prosecution, by the confessions of the defendant and other testimony, without producing *Melinda Calburn* as a witness, who was present in court, and in the power of the plaintiffs. To the admission of such evidence, unaccompanied by her testimony, the defendant objected. As an excuse for not calling her as a witness, the plaintiffs offered in evidence the record of her conviction for theft; to the admission of which the defendant objected, because it was his privilege to make the objection, or not, at his option; and he did not propose to make it. The court overruled both these objections, and admitted the record and evidence offered by the plaintiffs; and, without the testimony of *Melinda Colburn,* found the issue, and rendered judgment,

against the defendant.    On a writ of error in the superior court, the judgment of the county court was reversed ; and, on motion of the plaintiffs, the record of the superior court was transmitted to this Court, for revision in error.

*Welch* and *C. F. Cleaveland,* for the plaintiffs in error, contended, 1. That it is sufficient if the complaint be exhibited *on oath ; (Stat.* 91. *tit.* 8.) and it is immaterial whether that oath be made by one only, or a majority, of the select-men.

2. That the averment in the complaint regarding the neglect of the mother to prosecute, is sufficient.    This averment is precisely like that in *Fuller* v. *Hampton, 5 Conn. Rep.* 416. which was, in that case, held to be sufficient.

3. That the testimony of the mother, in this case, is not indispensable.    The 2nd section of the statute of bastardy (*Stat.* 92, 3.) has provided a remedy for the town interested in the support of a bastard child ; but has left such town to maintain the prosecution, by common law evidence.    If the defendant has admitted the fact charged, or if there is other testimony to prove it, why should not such evidence go to the triers?    There may be more necessity for it here, than in ordinary cases ; for it is easy for a man having connexion with a corrupt woman to induce her to withhold her testimony.    In the 1st section of the statute, the legislature have placed such guards around her testimony as they deemed proper ; but these provisions are not applicable to a proceeding under the 2nd section.    This was decided in the case of *Davis* v. *Salisbury,* 1 *Day,* 278.

4. That the incompetency of the mother in this case, was a sufficient reason for not introducing her testimony.

*Goddard,* for the defendant in error, contended, 1. That a complaint in bastardy can be supported only by the oath of the party preferring it ; and where the select-men of a town are that party, a majority of the select-men must unite in the act required.

2. That the complaint was insufficient, for want of an explicit averment, that the mother had neglected to bring forward her suit. [These points were not much pressed.]

3. That in this proceeding, which was created, and must be governed, by statute, exclusively, the oath of the mother is indispensable.    The process,—the court,—the evidence,—the form of the judgment,—are specifically pointed out.    The pre-

*Windham,*
July,
1825.

Chaplin
*v.*
Hartshorne.

visions of the statute in relation to these subjects, must be adhered to as strictly, in a proceeding under the 2nd section, as under the 1st. The *nature of the case* requires the oath of the mother; for no other person can know the principal fact charged. The defendant cannot know that he is the father; and therefore, he cannot make a confession of any weight.

4. That if the oath of the mother be indispensable, it is no compliance with the statute, to shew that she is infamous. It is only the comon case of a failure of testimony through the incompetency of the only witness who can give it. Besides, the law presumes every witness to be competent, until incompetency be shewn, by the adverse party.

BRISTOL, J. The exceptions taken to the complaint, by way of abatement, appear to me unimportant, if not frivolous. Many of them are unfounded *in fact*, as appears from the complaint. The objection that only one of the select-men made oath to the complaint, could only be sustained by the express requirements of the statute; and the statute is silent on the subject. The complaint was sworn to, by one of the select-men; and the warrant did not issue without being supported by oath.

The allegation respecting the mother's having neglected to bring forward a suit for maintenance, is made in the same words, as in the case of *Fuller* v. *Hampton, 5 Conn. Rep.* 416. which was decided to be sufficient.

The remaining question is, whether the select-men were bound to use the mother of the bastard child as a witness; she being alive and present in court. In prosecutions by the mother, her testimony is made not only competent, but indispensable to maintain the suit, by the express provisions of the statute. " And if such woman shall continue constant in her accusation, being examined upon oath, and put to the discovery in the time of her travail, such accused person shall be adjudged to be the reputed father of such bastard child." (*Stat.* 92.) With respect, then, to prosecutions by the mother, her oath, as well as discovery in the time of her travail, appears to be rendered necessary; and for obvious reasons. It would be sufficient for the mother, if the statute had made her a competent witness; but the legislature thought proper, for the security of the reputed father, that he should not be adjudged the father, without her oath.

But the provisions of the second section, (*Stat. p.* 92.) enabling select-men to prosecute for security to the town against expense, are wholly different : nor do the same reasons exist why her oath should be made indispensable.    This section of the statute provides, that in certain cases the select-men of a town may bring forward a suit to obtain security of the reputed father against expense to the town, but is silent with respect to the evidence, by which the suit is to be supported; and the plaintiffs may, of course, make out the necessary proof, by any competent testimony, as in all other cases.    The decision in *Davis* v. *Salisbury,* (1 *Day's Rep.* 278.) that where the prosecution is by the select-men, the mother need not have been examined during travail, is conclusive on this point.    If her oath was essential to maintain the suit in favour of the select-men, her discovery of the father, during travail, would be equally necessary.

Without relying, then, upon the mother's being disqualified, by a conviction for theft, I think the prosecution might have been sustained, without her testimony ; and the judgment of the superior court, ought, accordingly to be reversed.

The other Judges were of the same opinion.

Judgment reversed.