## AMANDA C. BOOTH *vs.* ELI A. HART.

The statute (Gen. Statutes, tit. 19, chap. 17, part 3, sec. 2,) provides that, upon a bastardy complaint by the mother, if she shall continue constant in her accusation, being put to the discovery in the time of her travail and also examined on the trial, it shall be primâ facie evidence that the accused person is the father of the child. This statute, essentially in its present form, has been upon the statute book since 1702. In 1848 an act was passed allowing all parties to actions to testify in their own behalf. Held that, under this statute, the mother had all the rights in a bastardy suit of any other party to a suit, and that she was not liable to a judgment of non-suit, under the statute with regard to non-suits where a primâ facie case is not made out, if she had failed to make discovery at the time of her travail.

The primâ facie case intended by the statute with regard to bastardy complaints is an entirely different thing from the primâ facie case intended by the statute with regard to non-suits. The latter deals only with the weight of evidence, the former with certain statute pre-requisites that are entirely independent of the weight of the evidence.

BASTARDY COMPLAINT; brought to the Court of Common Pleas of Hartford County, and tried to the jury on the plea of not guilty, before *McManus, J.*

Upon the trial the plaintiff offered herself as a witness and swore that the defendant was the father of the child, and stated all the circumstances with regard to the matter; but it appeared that she had not made disclosure of the fact

at the time of her travail.   Having rested her case the
defendant moved for a non-suit, on the ground that she had
not made out a prima facie case, which the court granted.
The plaintiff then moved to set aside the non-suit, which
motion the court denied, and the plaintiff then brought the
record before this court by a motion in error.

The statute with regard to bastardy proceedings by the
mother to recover for the maintenance of the child, (Gen.
Statutes, p. 470, sec. 2,) and which, substantially in its
present form, has been in existence since 1702, provides as
follows: "And if such woman shall continue constant in her
accusation, being put to the discovery in the time of her
travail, and also examined in the trial of the cause, it shall
be prima facie evidence that such accused person is the father
of such child."   An act passed in 1848 (Gen. Statutes, p.
440, sec. 36), provides that " no person shall be disqualified
as a witness in any action by reason of his interest in the
event of the same as a party or otherwise."   The statute with
regard to motions for a non-suit, (Gen. Statutes, p. 443, sec. 3,)
provides that " when on the trial of any issue of fact in a
civil · action, the plaintiff shall have produced his evidence
and rested his case, the defendant may move for judgment
as in case of non-suit, and the court may grant such motion
if in its opinion the plaintiff shall have failed to make out a
prima facie case."

*C. Lounsbury*, for the plaintiff in error.

1.   The decision of this case depends on the proper con-
struction of the statute relating to bastardy process.   Gen.
Statutes, p. 470, sec. 2.   This statute should receive a liberal
construction, so as not to defeat the object intended to be
secured.   *Judson* v. *Blanchard*, 4 Conn., 567.   It provides
that certain facts shall be prima facie evidence.   This is not
equivalent to saying that no other facts, and no other testi-
mony, however strong, shall be prima facie evidence.   For-
merly, by the general rule of law, all parties in interest were
excluded from testifying.   This would exclude both the com-
plainant and the accused.   But from the necessity of the

case, an exception was made in favor of the mother; *provided* she was corroborated by the fact of her " discovery," which was regarded as sufficient to overcome her interest.   And this was thought necessary for the security of the reputed father, who was not admitted as a witness.   *Chaplin* v. *Hartshorne*, 6 Conn., 44.

2.   But these provisions are rendered unnecessary, and therefore nugatory, by our statute allowing all parties in interest to testify.   This view is sustained by the decisions under the Massachusetts statute of 1785, which is substantially the same as ours, where it is held that the discovery by the mother in the time of her travail is necessary " to make her a *competent witness.*"   *Commonwealth* v. *Cole*, 5 Mass., 517; *Bacon* v. *Harrington*, 5 Pick., 63; *Maxwell* v. *Hardy*, 8 id., 561; *Howard* v. *Packard*, 17 id., 381; *McManagil* v. *Ross*, 20 id., 99; *Bailey* v. *Chesley*, 10 Cush., 284; *Connelly* v. *Burrill*, 10 id., 492.   It has long been settled that where a town is the complainant this discovery is not necessary.   *Davis* v. *Salisbury*, 1 Day, 278.   And why not, except from the fact that, not being a party in interest, she is a competent witness?   And her disability being now removed by statute, is a town to stand in a better position than the mother?   The defendant being now a competent witness as well as the complainant, her corroboration by discovery is no longer necessary for his protection.   And the reason of the rule having passed away, the rule itself should pass away with it.   In New Hampshire, under a statute substantially the same as ours, it is held that it is not necessary to *allege*, and of course not necessary to *prove*, that the mother had declared the respondent to be the father in the time of her travail.   *R. R.* v. *J. M.*, 3 N. Hamp., 135.   And in regard to *constancy of accusation*, it is sufficient if she has *not been inconstant*; and the burden of proving her inconstancy is on the respondent.   *Marston* v. *Jenness*, 12 N. Hamp., 137.

3.   In this case the defendant was in court, and might have been called to contradict the complainant if her testimony was not true.   And the fact that he has not testified and denied her statements is to be taken as strong corrobo-

rative evidence of their truth. *Gallary* v. *Holland*, 15 Gray, 50. In this case it is a significant fact that the defendant prefers to come to this court on this technical question, rather then offer himself as a witness, if he can truthfully deny her statements.

4. The jury may convict upon the testimony of the mother alone: *Noonan* v. *Brogan*, 3 Allen, 481. It is sufficient to prove the complaint by a preponderance of evidence. *Richardson* v. *Burleigh*, 3 Allen, 479. In this case the testimony of the complainant was admitted *without objection* as *competent evidence*, without proof of discovery. There were many corroborating facts, and nothing to discredit it. It is therefore to be taken as true, and the case proved, until something appears to the contrary upon the other side. In Massachusetts, since parties are admitted as competent witnesses, it is no longer necessary, under a similar statute, to prove that the mother accused the defendant in the time of her travail. *Hawes* v. *Gustin*, 2 Allen, 402.

*E. A. Kunkel*, for the defendant in error.

1. As this is a statutory proceeding the party seeking to avail himself of the remedy thus given must prove all the facts necessary to bring his case within the statute. *Hitchcock* v. *Grant*, 1 Root, 107; *Stiles* v. *Eastman*, 21 Pick., 133; *Drowne* v. *Stimpson*, 2 Mass., 441.

2. The statute makes it an essential pre-requisite that the complainant be *put to the discovery during the time of her travail*, in order to maintain a suit for the maintenance of a bastard child. *Penfield* v. *Norton*, 1 Root, 345; *Hitchcock* v. *Grant*, id., 107; *Warner* v. *Willey*, 2 id., 490; *Davis* v. *Salisbury*, 1 Day, 278; *Judson* v. *Blanchard*, 4 Conn., 557; *Chaplin* v. *Hartshorne*, 6 id., 41; 1 Swift's Dig., 45; Reeve's Dom. Rel., 278; *Wilson* v. *Woodside*, 57 Maine, 490; *Payne* v. *Gray*, 56 id., 318; *Blake* v. *Junkins*, 35 id., 434; *Dennett* v. *Kneeland*, 6 Greenl., 460; *Stiles* v. *Eastman*, 21 Pick., 132; *Bailey* v. *Chesley*, 10 Cush., 286; *Rice* v. *Chapin*, 10 Met., 6. The statute is intended as a protection to the man as well as to the woman. When a person is to recover a

premium for his own iniquity, and to support it by his own testimony, too strong guards can hardly be placed around that testimony. *Davis* v. *Salisbury*, 1 Day, 278; *Savage* v. *Reardon*, 11 Gray, 376; *Blake* v. *Junkins*, 34 Maine, 238; *Wilson* v. *Woodside*, 57 id., 490. The requirement of the statute that she be put to the discovery,' &c., is not an unreasonable or unjust one. *Stiles* v. *Eastman*, 21 Pick.; 134; *Commonwealth* v. *Cole*, 5 id., 517.

3. The statute of 1848, making all parties in interest competent witnesses, does not by implication repeal this statute. *Payne* v. *Grey*. 56 Maine, 318; *Richmond* v. *The State*, 19 Wis., 307.

PARK, C. J. It does not clearly appear by the record whether the judgment was rendered in the court below on the ground of a failure of evidence by the plaintiff to establish a primâ facie case, or whether the decision was based upon a question of law arising upon the statute on which this proceeding is brought. We think the court erred upon whichever ground the judgment was rendered. It is manifest that the plaintiff testified to facts sufficient, if uncontradicted, to establish her case. And there is nothing strange or incredible in her testimony. In cases tried to the jury we have established the rule, that if there is substantial evidence produced by the plaintiff in support of his cause, which should be weighed and considered by the jury, a non-suit ought not to be granted. And we think the same rule should apply in cases tried by the court. Applying this rule to the case, it is clear that the court erred in rendering judgment as in case of non-suit upon this ground, if this was the one upon which the decision was based.

But we think the judgment must have been placed upon the ground that the evidence did not meet the requirements of the bastardy statute; in which case the question presented is, whether it is a prerequisite in the case of suit brought by the mother for the maintenance of an illegitimate child, that "she should be put to the discovery in the time of her travail."

The statute upon which this proceeding is based is an

ancient one.   It has existed substantially in its present form since 1702.   It was manifestly passed originally in the interest of the mother of illegitimate offspring, and continued so for a hundred and forty-six years.   During this long period, parties to suits with but one exception could not testify in their own behalf.   But in cases of illegitimate children, it was considered so unjust that the mother should bear, not only the suffering and danger attendant upon maternity, but in addition the whole expense of supporting her child, when there was another equally in fault, to say the least, in respect to its birth, that an exception was made of suits brought by her for the maintenance of the child, and she was allowed to testify who was its father under certain safeguards provided by the statute.   And the statute went on to provide that if she should continue constant in her accusation, being examined on oath and put to the discovery in the time of her travail, the person whom she declared to be the father of her child should be adjudged to be so, unless from the evidence introduced by him the triers should be of the opinion that he was innocent of the charge.   The existence of these few facts were all that was necessary to maintain the suit in the first instance, and the burden of proof then changed to the defendant, and he was required to prove himself innocent of the accusation by other evidence than his own.

Thus, for nearly a century and a half, suits for the maintenance of illegitimate children were sustained by the testimony of the mother, by reason of the humane provisions of the statute.   And it is a singular fact, if it be one, that a statute which had thus its origin in the interest of the mother, and so continued for so long a time, should by mere lapse of time, without any essential change in its import, not only cease to have this effect, but operate eventually against her and in favor of the accused.   Originally the provisions of the statute assisted the mother to maintain suits which could not otherwise have been maintained, but finally they have come, it is claimed, to assist the defendant to defeat suits which could not otherwise have been defeated.

Before the statute should be construed to have this effect,

it should clearly appear that it is susceptible of no other reasonable construction. Undoubtedly it was originally essential to the admission of the mother as a witness in her own behalf that she should have been put to the discovery in the time of her travail. But in 1848 a statute was passed allowing all parties to suits to testify in their own behalf. This statute applies to the defendant in cases of maintenance, and the simple question is, does it apply to the plaintiff in such cases, if the action is brought by the mother? If it does, it removes what was before an essential element in her qualification as a witness, and leaves it optional with her whether or not to disclose in the time of her travail the name of the father of her child. The language of the statute is exceedingly broad, and apparently applies as much to the plaintiff mother in such cases as it does to the defendant. It is as follows: "No person shall be disqualified as a witness in any action by reason of his interest in the event of the same, as a party or otherwise." The interest of the mother in such cases is a pecuniary one. If she recovers in her suit, she recovers a portion of the expenses incurred, and likely to occur, in the maintenance of her child. Her interest is of the same character with that of the defendant, no greater and no less; and if the statute applies to one party no good reason can be given why it should not apply to the other also. Her previous disqualification as a witness, unless she had made disclosure in the time of her travail arose wholly from her interest in the event of the suit in which she was plaintiff. This clearly appears by the fact that in suits prosecuted by the town in which she resided, she was a competent witness without having made such disclosure. *Davis* v. *Salisbury*, 1 Day, 278; *Chaplain* v. *Hartshorne*, 6 Conn., 41.

Furthermore, it must be conceded that the statute of 1848 did away with the necessity of requiring that the complainant should be put to the discovery. The defendant being a witness in his own behalf, such requirement was no longer necessary for his protection. And it would seem to follow therefore, inasmuch as the reason of the requirement then ceased, that the requirement itself ceased with it. But it is

said that the present statute with regard to bastardy pro-
ceedings prevents the application of the general statute to
the plaintiff mother, in cases of this kind, inasmuch as it
declares that "if such woman shall continue constant in her
accusation, being put to the discovery in the time of her
travail, and also examined on the trial of the cause, it shall
be primâ facie evidence that such accused person is the father
of such child." It is contended that the implication from
this language is equivalent to a declaration, that if she does
not remain constant in her accusation, or if she is not put to
the discovery in the time of her travail, she does not make
out a primâ facie case, however strong the evidence may be
in support of her cause, and that it is the duty of the court
in such case to render judgment against her as in case of
non-suit. But is this a reasonable implication from this
statute ? The statute declares that certain facts shall con-
stitute a primâ facie case in favor of the plaintiff, however
weak her evidence may be in fact. This statutory primâ
facie case is an arbitrary one. It differs essentially from
that contemplated by the statute with regard to non-suits.
The latter depends wholly upon the weight of the evidence
introduced by the plaintiff, while the former depends wholly
upon the existence of certain facts, and seems to disregard
the weight of evidence altogether. If the complainant men-
tioned the name of the father of her unborn child, however
feebly, in the time of her travail, and is examined on the
trial of her cause, no matter with what want of intelligence
she may tell her story, or how untrustworthy she may seem,
if she has been and continues to be constant in her charge,
she has made out a primâ facie case by the imperative pro-
visions of the statute. It is this primâ facie case that the
statute of bastardy implies has not been made out, if she was
not put to the discovery in the time of her travail; and not
the primâ facie case intended by the statute which provides
for non-suits. They must not be confounded, for they have
but little in common. Hence if the mother of an illegitimate
child desires to avail herself of the benefits of the statute of
bastardy in regard to the primâ facie case therein provided

for, she must comply with its requirements, or she cannot make out a case of that character. She may produce very strong evidence against the defendant; she may prove repeated confessions made by him that he was the father of her child; she may produce an array of circumstances which show his guilt beyond all reasonable doubt; still, she does not and cannot make out the statutory primâ facie case by any amount of evidence, if she neglected to make disclosure in the time of her travail; and will be left under the statute of 1848 to make out her case by the weight of evidence.

There is nothing therefore in the statute of bastardy which prevents the application of the statute of 1848 to cases of maintenance. The statute applies to them in the same manner as it applies to all other cases. It leaves the plaintiff to make out her whole case by preponderance of evidence. This construction of the two statutes is in keeping with the original purpose of the statute of bastardy. It was originally passed in the interest of the mother, as we have seen, and in 1848, when the parties to suits were made competent witnesses in cases of maintenance, as well as in all other cases, the statute still continued to operate in favor of the mother so far as the statutory primâ facie case is concerned. There could have been no other object in view in continuing the provisions of the statute, after parties to suits were allowed to testify. It cannot be supposed that the legislature intended that the statute of 1848 should not fully apply to cases of this kind, when manifestly it applied to one of the parties. If they had so intended they would have so stated. If there was any oversight in the matter, they have had ample opportunity to correct the mistake.

We think the statute applies to both of the parties, and that consequently there is error in the judgment complained of.

In this opinion the other judges concurred.