Robbins *v.* Smith.

————•◆•————

## IDA M. ROBBINS *vs.* EVIC A. SMITH.

In a bastardy suit by the mother charging the defendant with being the father of her child, where she does not seek to avail herself of the provisions of the bastardy act with regard to a primâ facie case, but relies only on a preponderance of evidence as in other suits, it is not an essential part of the complainant's case that she should have been put to the discovery at the time of her travail and should have been constant in her accusations afterwards.

These facts therefore do not need to be averred.

Evidence of them is however admissible in corroboration of the complainant's testimony.

And held that declarations made by the complainant to her mother, before the birth of the child, as to its paternity, in which she was constant in her accusation of the defendant as the father, were admissible in corroboration of her testimony.

COMPLAINT under the bastardy act; brought to the Court of Common Pleas of New Haven County by a binding over by a justice of the peace, and there tried to the court on the plea of not guilty before *Pardee, J.*

The complaint was as follows:

That on the 5th day of September, 187▮▮▮ complainant was delivered of a female child, which is a bastard, begotten upon her body by Evic A. Smith, of the town of Waterbury

in said county, on or about the 16th day of December, 1877; and that when said child was begotten she was and ever since has been a single woman, and that said Evie A. Smith is the father of said child. And the complainant saith that said child is now living, and that she is subjected to great expense for its maintenance; and she prays process against the said Evie A. Smith, that he may be arrested and examined touching the charges herein, and be dealt with as the statute in such case provided directs.

. Upon the trial the plaintiff offered evidence to prove that she discovered her pregnancy in January, 1878, and made it known to her mother in March of the same year, when she alleged that the defendant was the father, and that on several other occasions, prior to being taken in labor, she had charged him with being the father. To this evidence the defendant objected, on the ground, 1st, that there was no allegation in the complaint which the evidence proved or tended to prove, and particularly that it was not alleged that she accused the defendant or remained constant in her accusation; and 2d, that it was immaterial, because the accusation contemplated by the statutes is the result of the discovery to which the mother is put at the time of travail, and her constancy must be subsequent, not prior, to that time. But the court overruled the objection and admitted the evidence.

The plaintiff also offered the testimony of her mother and attending physician, that she was put to the discovery in the time of her travail, and then accused the defendant, and no one else, as the father. To the admission of this evidence the defendant objected, on the ground that there was no allegation in the declaration to warrant its admission, the proceeding being under a statute and *stricti juris.* But the court overruled the objection and admitted the evidence.

The court found the defendant guilty, and rendered judgment that he stand charged with part of the expense of lying in and maintenance of the child. The defendant moved for a new trial for error in the rulings of the court.

*G. Kendrick,* in support of the motion.

Robbins *v.* Smith.

1. In the present case the plea was *not guilty*, and issue was joined thereon. Only such facts as are alleged in the complaint were thus put in issue. By the pleadings the plaintiff had assumed to make out her case by a preponderance of evidence. The burden of proof cannot be shifted by proof of facts not put in issue by the proper averments. *Fuller* v. *Hampton*, 5 Conn., 426; *Booth* v. *Hart*, 43 id., 485. The rule in criminal pleadings is that an information upon a statute must state all facts necessary to bring the case precisely within the statute. *Morse* v. *The State*, 6 Conn., 9; *Soper* v. *Harvard College*, 1 Pick., 177. And the same rule obtains in a proceeding of this character, for the information in this action is criminal in form, though civil in nature. *Hinman* v. *Taylor*, 2 Conn., 367; *Hopkins* v. *Plainfield*, 7 id., 288; *New Haven* v. *Rogers*, 32 id., 221; *Drowne* v. *Stimpson*, 2 Mass., 441. The record sufficiently discloses the fact that the evidence in question neither corresponded to the allegations, nor was confined to the point in issue—none of the facts sought to be proved by it having been alleged or put in issue by the pleadings. Hence all matters of discovery, accusation and constancy were *collateral* facts only, under the present complaint, and evidence of such facts should have been excluded. 1 Greenl. Ev., §§ 50, 52, 469.

2. Evidence of the discovery by the plaintiff of her pregnancy in January 1878, her communication of that fact to her mother three months after, and her accusation at that time of the defendant and on several other occasions *prior to* being taken in labor, could have no relevancy to the issue, even remote. Such evidence does not prove *constancy*, even if the averment of constancy is made in the complaint and the evidence was true in fact. *Sidelinger* v. *Bucklin*, 64 Maine, 372; *Ray* v. *Coffin*, 123 Mass., 365. Besides, accusation is the *result* of the discovery to which the mother is put *at the time* of travail; the constancy contemplated by the statute is *constancy in that result*. It must therefore be subsequent, not precedent, to that event. *Maxwell* v. *Hardy*, 8 Pick., 561; *Bradford* v. *Paul*, 18 Maine, 30; *Burgess* v. *Bosworth*, 23 id., 574.

3. Our state practice has been invariably confined to an observance of the principles for which we contend. When complaint is made before the birth of the child, of course allegations in the preliminary complaint and affidavit as to discovery and constancy are omitted, simply because at that time they are both untrue and impossible. After the birth of the child, however, in a supplemental complaint, these averments are made with particularity. 1 Swift. Dig., 45; 2 id., 680. In complaint begun after the birth of a bastard child, which is the case at bar, the averments must be made with equal particularity, when the statutory benefits to the mother are invoked. See forms, 2 Swift Dig., 681.

*R. S. Pickett,* contra.

1. The evidence as to the time when the plaintiff began to accuse the defendant as being the father of her child, if not a necessary component part of the evidence required by the statute, was such common law evidence as was admissible under the statute, and was relevant to and tended to prove the principal fact in issue. Gen. Statutes, p. 470, § 2; 1 Swift Dig., 45, 768; *Judson* v. *Blanchard,* 4 Conn., 565; *Belden* v. *Lamb,* 17 id., 441.

2. The present bastardy statute, as interpreted by and with other statutes, does not contemplate that it shall be alleged in the complaint that "such woman has continued constant in her accusation" and was "put to the discovery in the time of her travail," as the statute provides that complaint may be made before such accusation becomes a continuing one, and before such discovery is possible. These once indispensable requisites, under existing statutes are matters of evidence only, and need not even be put in evidence if there is sufficient evidence to prove the issue without them, and therefore they need not be alleged in the complaint. Gen. Statutes, p. 470, § 2; id., p. 440, § 36; *Booth* v. *Hart,* 43 Conn., 480, 486; *Hawes* v. *Gustin,* 2 Allen, 402; *R. R.* v. *J. M.,* 3 N. Hamp., 135.

PARK, C. J. On the trial of this cause in the court below the court permitted the complainant to prove that, on several occasions previous to the birth of her child, she made known to her mother the fact of her pregnancy, and stated to her that the defendant was the father of her unborn child.

The court further permitted the complainant to prove that she was put to the discovery in the time of her travail, and that she then also accused the defendant of being the father of her child.

The defendant complains of the rulings of the court in these respects, and places his objections upon two grounds. The first is, that inasmuch as the complaint does not allege that she was put to the discovery in the time of her travail, and that she then accused the defendant of being the father of her child, and that she afterwards remained constant in her accusation, the testimony in question could not properly be received. In the recent case of *Booth* v. *Hart*, 43 Conn., 480, this court held, that in an action by the mother on the statute of bastardy for the maintenance of an illegitimate child against the putative father, it was not necessary, since the statute of 1848, permitting parties to suits to testify, that the mother should be put to the discovery in the time of her travail, to enable her to maintain her suit by preponderance of evidence, as in other civil actions; but that if the mother should seek the aid of the statute to make out the *primâ facie* case which it provides for, it would be necessary; in other words, that such *primâ facie* case could not be established without such proof, however strong otherwise might be the evidence in support of the complainant's cause. It does not appear in this case that the complainant sought the aid of the statute in this respect. It was therefore not necessary that she should make such proof, and of course not necessary that she should allege the fact in her complaint.

But this does not render inadmissible the evidence of constancy in her accusation, and of her having been put to the discovery in the time of her travail. These facts are proper to be proved in all cases under the statute, and were so here as corroborative of the testimony of the complainant. They

are not parts of the complainant's case as charged, but mere evidence, and therefore need not be alleged.

The court in Massachusetts has taken a similar view of this question. The statute of that state on the subject of bastardy is similar to ours; but since parties to suits have been made competent witnesses, the necessity of requiring the mother, in the time of. her travail, to accuse the putative father, no longer exists. In the recent case of *Hawes* v. *Gustin*, 2 Allen, 402, the court say: "In the particular of requiring the mother to accuse the putative father in the time of her travail, the necessity of proof of such fact no longer exists. It is competent evidence, and may be used as corroborating the testimony of the mother." The court in New Hampshire, on a statute similar to ours, has held the same doctrine. 3 N. Hamp., 135.

The remaining objection of the defendant to the reception of the evidence is wholly of a technical character. It is claimed that the declarations of the complainant to her mother made previously to the birth of her child, and to the bringing of her suit, cannot be regarded as evidence of constancy in her accusation, for at that time no legal accusation had been made, and she had not been put to the discovery in the time of her travail.

If this case had been tried previously to the passage of the statute of 1848 allowing parties to suits to be competent witnesses in their own behalf, or did it appear in this case that the complainant on the trial sought to make out the statutory *primâ facie* case, there would have been more question as to the admissibility of the evidence; for then the fact of constancy would have been a material element in her case. But even then the objection would have been merely technical. All that could have been said of it would be, that the complainant had been even more constant in her accusation than the statute required.

But such is not the case we are considering. As we have said, it does not appear that the complainant sought the aid of the statute to make out her case on the trial. If she had done so the motion ought to have shown the fact. It is the

defendant's motion, and all facts necessary to raise the questions of law which he makes should appear in it, or they will be taken against him. It must therefore be considered that the complainant sought to make out her case by preponderance of evidence, and the evidence of constancy and discovery were brought into the case merely as corroborative of her testimony on the trial. A part of the evidence was unquestionably proper for the purpose. The remainder was of the same general character, but the claim is that it does not have the sanction of the statute. It appears that soon after the complainant discovered her pregnancy she made known the fact, and declared that the defendant was the father of the child, and she persisted in this statement down to the time when she was put to the discovery in her travail, when she also made the same statement, and continued afterwards to make similar declarations. Here was one continuous series of declarations that the defendant was the father of her child;—one continuous course of conduct, during a longer period than the statute required when constancy was a material element in the case itself. Shall a new trial be advised because the statute in its terms and under a strict construction covers but a part of this series of declarations? Previously to the passage of the act of 1848 there was reason for a strict construction of the statute under which bastardy suits were brought, and a rigid adherence to its requirements; but since the passage of that act, leaving a suit to be sustained by preponderance of evidence, a more liberal construction of the statute should prevail, and the word "accusation," as used in the statute, should be considered as having its ordinary meaning, of a declaration by the mother that a certain person is the father of her child, and not a charge made in legal form by means of a complaint to a magistrate. Indeed it is only as the statute uses the words "*continue* constant in her accusation" that any ground is furnished for the idea that such constancy of accusation must follow the institution of a legal complaint. Her continued accusation must necessarily be in itself an informal one, and there is nothing in the statute to suggest the idea that it must follow the birth of the child

Robbins *v.* Smith.

or the discovery to which she is put in the time of her travail. It is a forced construction of the statute that puts any limitation as to time upon it. The important fact is the consistency of her declarations from first to last as to the paternity of her child.

Our view of the whole matter in a summary way is this: The statute expressly authorizes the complainant in a bastardy suit to prove on the trial that she was constant in her accusation and was put to the discovery of the paternity of the child at the time of her travail. This constancy of accusation and being put to the discovery in her travail are not an essential part of her case and need not be averred, where, as here, she makes out her case by a preponderance of evidence, but may be proved in corroboration of her own testimony; she not losing the right to avail herself of this statutory evidence even though not availing herself of the right given by the statute to stand upon a special *primâ facie* case. And as we regard the evidence of her constancy of accusation as admissible under the statute, and as the statute does not in terms limit that evidence to constancy after the birth of the child, we hold that a constancy of accusation before the birth of the child is also admissible in evidence, not only as falling within the reason of the statute, but as adding in fact to the force of the evidence of her later constancy in the same accusation.

A new trial is not advised.

In this opinion the other judges concurred; except CARPENTER, J., who dissented as to the admissibility of the declarations of the complainant to her mother before the birth of the child.