MABEL M. MOSHER *vs.* CLAUDE E. BENNETT.

Third Judicial District, Bridgeport, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, BANKS and YEOMANS, Js.

Argued October 31st, 1928—decided January 24th, 1929.

*Cramer C. Hegeman,* for the appellant (plaintiff).

*William F. Tammany,* for the appellee (defendant).

YEOMANS, J. This is an action under our bastardy statute, which from 1702 to 1902 provided: "And if such woman shall continue constant in her accusation, being put to the discovery in the time of her travail, and also examined on the trial of the cause, it shall be prima facie evidence that such accused person is the father of such child." We interpreted this statute in *Booth* v. *Hart,* 43 Conn. 480, 485, in this language: "And the statute went on to provide that if she should continue constant in her accusation, being examined on oath and put to discovery in the time of her travail,

the person whom she declared to be the father of her child should be adjudged to be so, unless from the evidence introduced by him the triers should be of the opinion that he was innocent of the charge. The existence of these few facts was all that was necessary to maintain the suit in the first instance, and the burden of proof then changed to the defendant, and he was required to prove himself innocent of the accusation by other evidence than his own."

It was originally essential to the admission of the mother as a witness that she should have been put to the discovery in the time of her travail. The statute of 1848 allowed all parties to suits to testify in their own behalf. "Furthermore, it must be conceded that the statute of 1848 did away with the necessity of requiring that the complainant should be put to the discovery. The defendant being a witness in his own behalf, such requirement was no longer necessary for his protection." *Booth* v. *Hart,* 43 Conn. 480, 486.

"The present form of the statute, §6007, first appearing in the Revision of 1902, §970, and reading: 'And if such woman shall continue constant in her accusation, it shall be evidence that such [accused] person is the father of such child,' does not compel the proof of constancy at the time of travail and on the trial, to make out a prima facie case, but merely permits the introduction of evidence of continued constancy in accusation as evidence that the accused is the father of the child. The statute as now in force does not restrict the evidence of constancy; it merely makes its introduction in the manner formerly required to make out a prima facie case unnecessary, and it makes it unnecessary to thus make out a prima facie case. All evidence admissible under the former statute is now equally admissible under the present statute; and the decisions during the life of the earlier statute

upon the kind and quality of evidence admissible in this class of cases, retain their decisive authority." *Hellman* v. *Karp,* 93 Conn. 317, 320, 105 Atl. 678. The mother still has the right to rely upon the prima facie case made out by constancy in her accusation. She is no longer required under oath to make such discovery at the time of her travail. The prima facie case so made out places upon the reputed father the burden of showing his innocence of the charge, and under our practice he must do this by other evidence than his own.

The motion to strike out paragraphs twenty, twenty-one and twenty-two of the finding should have been granted. The conclusion drawn by the trial court that the correspondence does not indicate undue intimacy is clearly erroneous. Exhibit 1 indicates intimacy, and Exhibit 2 seems conclusive, not only that the plaintiff was in trouble, but that the defendant knew it. It indicates affection for and intimacy with the defendant; it speaks of "our trouble"; it urges the defendant to return and predicts dire consequences to the plaintiff if he does not do so. The cipher indicates undue intimacy and was no doubt deciphered by the defendant. Clearly paragraph twenty-one cannot stand.

As to paragraphs twenty and twenty-two: Under our rule requiring the defendant to prove his innocence by other evidence than his own, the trial court has made these findings without the legal evidence required by our law and therefore they ought to be stricken out.

The trial court says there is no evidence of the guilt of the defendant except the testimony of the plaintiff and the statements she had made. In this class of cases there is rarely any other evidence available and so the law, from human experience, concludes, where such statements are continuous and consistent,

that the proof is sufficient, unless explained by contrary evidence. *Booth* v. *Hart, supra.*

"Constancy of accusation and being put to the discovery in her travail are not an essential part of her case and need not be averred . . . but may be proved in corroboration of her own testimony." *Robbins* v. *Smith,* 47 Conn. 182, 189.

The plaintiff had clearly made a case sufficient to shift the burden of proof to the defendant.

This burden was not sustained by the defendant, who merely denied having sexual intercourse with the plaintiff, and in no way attempted to explain away the necessary conclusions drawn from the plaintiff's evidence. The defendant's interest is obvious and his failure to explain his conduct in going to Florida is significant. The evidence does not justify the conclusions of paragraph twenty and twenty-two and they are stricken out.

Paragraph six of the plaintiff's draft-finding reads as follows: "The plaintiff did not keep company or go out with any man except the defendant for a period of three and a half years prior to the date of the complaint."

This is a material fact that was uncontested and is added to the finding. The finding as thus corrected leads inevitably to the conclusion that the defendant is the father of the plaintiff's child.

There is error, and the cause is remanded to the Court of Common Pleas with direction to enter judgment for the plaintiff for such sums as it may find due upon the evidence of record heretofore taken.

In this opinion the other judges concurred.