WALLACE BOMSTER, JR., *vs.* JOHN J. KENNEY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 7th, 1932—decided February 21st, 1933.

*George E. Beers* and *Edward S. Snyder,* for the appellant (plaintiff).

*Daniel D. Morgan,* with whom was *Philip Pond,* for the appellee (defendant).

MALTBIE, C. J. The plaintiff brought this action to recover for injuries suffered in a collision between an automobile in which he was riding as a passenger and an automobile operated by the defendant. The jury returned a verdict in favor of the defendant and from the judgment entered upon that verdict the plaintiff has appealed. The principal error claimed, and the only one necessary to consider upon this appeal, is a portion of the charge dealing with the testimony of Ramus, the operator of the car in which the plaintiff

was riding. While it does not directly appear upon the record, it is fairly to be assumed and both parties have conceded it as a fact, that Ramus had, before the trial of this action, testified in a proceeding in the City Court of New Haven growing out the accident, and that a transcript of his evidence in that court was offered to contradict his testimony given in this action. The trial court charged the jury as follows: "You heard the testimony next of Frank Ramus on the witness stand in this case; I will not repeat it; it is fresh in your minds. It is claimed that in the City Court, in answer to a question by the presiding judge, he said:" then follows what purports to be a quotation from the testimony given in that court; and the trial court then went on to say: "You must find what the true situation was." Nowhere in the charge did the trial court instruct the jury that the testimony given by Ramus in the City Court was to be restricted to its effect upon the credibility to be accorded to the testimony given by him in the trial of this action and that it was not to be taken as evidence in support of any of the issues in this action. The jury could hardly have understood from the instruction of the court, otherwise than that the testimony of Ramus in the City Court was to be considered by them upon the same basis that they were to consider the testimony given by him upon the trial of this action. The situation falls fully within our decision in *State* v. *Volpe*, 113 Conn. 288, 292, 155 Atl. 223.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.