Jennie Terrasi *v.* Charles Andrews

Appellate Division of the Circuit Court

File No. CV 5-647-4235

Argued May 3—decided September 3, 1965

*Herman D. Silberberg,* of Ansonia, for the appellant (defendant).

*Mary P. Ryan,* assistant counsel, state welfare department, for the appellee (plaintiff).

Kosicki, J. In this action, brought under General Statutes § 52-435, the plaintiff offered to prove and claimed to have proved that a child was born to her on April 20, 1962, and that the defendant was the father of that child. The defendant offered no evidence to refute or explain the evidence offered by the plaintiff. The defendant moved to set aside the verdict because of an asserted error in the court's charge to the jury. Although the assignment of errors sets out six separate claims, all of them are

related to the basic assertion that the court had erroneously instructed the jury on the admissibility and evidential value of constancy of accusation under General Statutes § 52-436, the applicable portion of which reads: ". . . and, if such woman [mother of the illegitimate child] continues constant in her accusation, it shall be evidence that . . . [the] accused person is the father of such child." The grounds relied on by the defendant are that the court erred in charging the jury that testimony of constancy of accusation by the plaintiff was (1) evidence that the defendant was the father of the child, (2) was corroborative evidence of that fact, and (3) established a prima facie case for the plaintiff, and that (4) such constancy of accusation placed upon the defendant the burden of proving his innocence; and that the court erred (5) in denying the defendant's motion to set aside the verdict, and (6) in denying the defendant's claim that § 52-436, pertaining to constancy of accusation, was unconstitutional.

We shall first consider that assignment which, in part, claims error in the denial of the motion to set aside the verdict because it was against the evidence. An examination of the evidence discloses the following: The plaintiff testified that she had sexual relations with the defendant on three different occasions in July, 1961; that she became aware of her pregnancy the following August; that shortly thereafter she informed her mother, sister and brother of her condition and named the defendant as the father of the expected child; that in September she told the defendant about it, and he then said he could not marry her as he had promised during their periods of intimacy; that the child was born on April 20, 1962, after a normal period of gestation; and that during the time she was intimate with the defendant and when conception would most likely have

occurred she had no sexual relations with any others. There was independent testimony as to her going out with the defendant and being alone with him under circumstances when opportunity for sexual intercourse was probable. There was also testimony, other than the plaintiff's, as to the constancy of her accusation of the defendant. The jury also had an opportunity to view the child for the purpose of determining her resemblance to the defendant, who was present in court. *Shailer* v. *Bullock*, 78 Conn. 65, 66. Viewing this evidence in the light most favorable to the plaintiff, if the verdict is otherwise unassailable because of the claimed errors in law, the court was amply justified in denying the motion to set it aside.

The court's instructions to the jury to which exceptions were taken were as follows: "You should bear in mind that the burden is put upon the plaintiff to prove her case by a fair preponderance of the evidence. By that is meant such weighing of it in your own minds as may incline for or against the proposition which is advanced. In general in a civil action, and this is a civil action, the party who asserts a proposition has the burden of proving it and that is what we call the burden of proof. The burden of proof means that the evidence in support of the allegations of the complaint as are in controversy must overbalance or be weightier than the evidence on the other side; where there is evidence on the other side, of course. Thus, if the evidence in the case is evenly balanced, the burden of proof would not have been met. Now in this type of case we have a statute, which provides that if the woman complainant shall continue constant in her accusation, it shall be evidence that such accused person is the father of such child. It is not necessary for the jury to find, in order to render a verdict for a plaintiff, that she had been constant in her declara-

tions that the defendant was the father, but constancy of accusation is evidence which may be proved in corroboration of a mother's own testimony. Now, while declarations or accusations of the mother are not considered as independent facts showing the fatherhood of the child, they are corroborative of her testimony in court to this same effect. The mother has the right to rely upon the prima facie case made out by constancy in her accusations. The prima facie case so made out places upon the reputed father the burden of showing his innocence of the charge. Now, one of the reasons for this rule is that in this class of case it often happens that there is no evidence of the guilt of the defendant except the testimony of the plaintiff and the statements she had made. And so the law from human experience concludes that where such statements are continuous and consistent, that proof is sufficient unless explained by contrary evidence."

The charge as given was correct. As the court observed in its memorandum of decision denying the defendant's motion to set aside the verdict, "the portion complained of appears verbatim in the case of *Mosher* v. *Bennett,* 108 Conn. 671, 674. Inasmuch as this was a decision of our Supreme Court of Errors, it is binding upon this court. The highest tribunal of this state 'has a supreme and final jurisdiction in determining in the last resort the principles of law in the trial of causes.' See *Winnick* v. *Reilly,* 100 Conn. 291, 297."

In his assignment of errors, the defendant asks us to ignore the numerous cases decided by our Supreme Court of Errors which are contrary to the claims he raises. No lengthy repetition of the rules announced in these cases is needed, and we shall merely mention them briefly and point to the cases where they are found.

Bastardy proceedings are civil in nature, and the general rules governing civil actions are applicable. *Pelak* v. *Karpa,* 146 Conn. 370, 372; *Copes* v. *Malacarne,* 118 Conn. 304, 305; *Pierzanowski* v. *Jezewski,* 116 Conn. 704, 705. The defendant's paternity of the plaintiff's child must be proved by the plaintiff by a fair preponderance of evidence, as in any other civil case. Evidence of the substantive facts is essential and they cannot be proved by corroborative evidence consisting only of constancy of accusation. *State* v. *Segerberg,* 131 Conn. 546, 547-50. It is true that while the rule of constancy of accusation in criminal cases, where such rule is applicable, is derived from the common law; *State* v. *Sebastian,* 81 Conn. 1, 5; it is competent corroborative evidence in bastardy proceedings under the provisions of § 52-436, recited above. *State* v. *Segerberg,* supra, 550; *Palmieri* v. *Arnone,* 114 Conn. 711, 712; *Mosher* v. *Bennett,* 108 Conn. 671, 673; *Benton* v. *Starr,* 58 Conn. 285, 289; *Booth* v. *Hart,* 43 Conn. 480, 484; 4 Wigmore, Evidence (3d Ed.) § 1141. Early in the history of the statute (1702-1848), it was essential that the mother of the illegitimate child, in a bastardy proceeding, to prove a prima facie case, should have been put to discovery in the time of her travail. *Mosher* v. *Bennett,* supra. This statutory prima facie case was an arbitrary one. If it were made out in conformity with the statute, a prima facie case for the plaintiff was established however weak in fact her evidence might be. *Booth* v. *Hart,* supra, 487. Failure to make out the statutory prima facie case subjected her to the prospect of a nonsuit for the simple reason that the requirement of discovery or accusation was essential for the maintenance of the action. When this requirement of discovery was judicially declared as no longer a condition of suit, a prima facie case was deemed established by the sufficiency of the evidence, even though prior accusations of the defendant were

ambiguous, inconstant or completely lacking. *Booth* v. *Hart,* supra; *Shailer* v. *Bullock,* 78 Conn. 65, 67; see *Crowell* v. *Palmer,* 134 Conn. 502, 505. Under our present statute, constancy of accusation is not a necessary element in a case such as this. The statute makes it merely competent evidence. Accusatory statements, though hearsay, are admissible to corroborate the plaintiff's testimony in open court. *Armstrong* v. *Watrous,* 138 Conn. 127, 129.

From our examination of the court's charge to which exceptions were taken, we find nothing which would render the charge erroneous and in conflict with the rules of law laid down in the foregoing cases. There is, therefore, no merit in the first five assignments of error. We may also add that the first, third and fourth assignments are inaccurately stated and are not a correct recital of the substance of the court's charge. The defendant makes the claim that the court's instructions were limited to a charge that the constancy of accusation of the defendant by the plaintiff was evidence of the defendant's paternity, thus establishing a prima facie case and placing upon the defendant the burden of proving his innocence. The charge, quoted above, defined the burden of proof resting on the plaintiff, referred to prior and constant accusations as being corroborative evidence, only, of the plaintiff's testimony in court, and made plain that if upon all the evidence, not merely that of corroboration, a prima facie case was made out, the burden of refutation rested on the defendant as the putative father. We have examined the entire charge and come to the conclusion that the excerpt quoted in the finding, even if erroneous, was harmless when read within the context of the entire charge, and correctly instructed the jury on the law applicable to the facts before them. The charge was correct on all the essential aspects of the case, including the failure of

the defendant to produce evidence in his behalf. It may also be observed that "[w]hen a party is present and does not testify, 'no court could perceive such a fact, without attaching some degree of importance—more or less—to its existence, according to the necessity of the testimony and the emergencies of the defence.' *Union Bank* v. *Stone,* 50 Me. 595, 600." *Ross* v. *Koenig,* 129 Conn. 403, 408.

In view of the foregoing opinion, we do not consider it incumbent on us to review the final assignment of error, attacking the constitutionality of § 52-436 as being violative of the due process clause of the fourteenth amendment to the federal constitution and as depriving the defendant of due course of law under article first, § 12, of the constitution of Connecticut.

There is no error.

In this opinion PRUYN and LEVINE, Js., concurred.