MARY A. WILLIAMS *v.* MELVIN GRAY

CIRCUIT COURT          FIFTEENTH CIRCUIT
FILE No. CV 15-6512-7008

Memorandum filed February 2, 1967

*Mangan & Green,* of New Britain, for the plaintiff.

*Harold M. Mulvey,* attorney general, and *Francis J. MacGregor,* assistant attorney general, for the state.

*Kalmen London,* of New Britain, for the defendant.

ALEXANDER, J. At the conclusion of the evidence the defendant moved for a directed verdict. The motion having been denied, he now moves for judgment notwithstanding the verdict. Practice Book §§ 255, 800.

This is a paternity action in which the plaintiff is merely a nominal party, the case having been instituted by the state welfare department to obtain support for the plaintiff's child. Mrs. Williams' unwillingness to testify is indicated by the fact that a capias was required for her attendance at the trial. In her testimony, Mrs. Williams stated she did not know who the father of the child was, because, during the month in question, she had had relations with a number of men in addition to the defendant. She did admit, however, that when she applied for welfare she had named the defendant. She had also at that time signed a "Statement of Alleged Paternity" to the same effect. She explains this, however, by saying that she had been told that

she would have to name someone in order to obtain state welfare support. The defendant did not appear at the trial, although his counsel was present throughout.

The instant motion is based on the argument that there is no direct evidence to prove paternity and that, rather, the sole evidence is based on prior inconsistent statements of the witness made out of court to members of the state welfare department, either orally or by an official statement on a welfare department form. From its verdict of guilty, the jury obviously chose to believe the prior extrajudicial statement rather than Mrs. Williams' sworn testimony in court.

Constancy of accusation will suffice to establish a prima facie case. *Mosher* v. *Bennett,* 108 Conn. 671, 673. Since, however, the plaintiff in this case has not remained constant in accusing the defendant but on the contrary now repudiates any such prior accusations, it must now be determined whether the prior inconsistent statements of Mrs. Williams may be given the force and effect of primary evidence. This issue must be resolved, because the sole evidence as to paternity is based on these prior statements.

"When a witness has changed sides and altered his story . . . and his previous statement is received for impeachment purposes, what effect shall be given to the statement as evidence? Under the generally accepted doctrine the statement is not usable as substantive evidence of the facts stated." McCormick, Evidence, p. 73. The rule as stated by Professor McCormick is by a substantial preponderance the majority rule in this country. See cases collected in 3 Wigmore, Evidence (3d Ed.) § 1018 (b), p. 687; note, 133 A.L.R. 1454. It has also been followed in this jurisdiction. *State* v. *Volpe,*

113 Conn. 288; *Bomster* v. *Kenney,* 116 Conn. 290; *Cackowski* v. *Jack A. Halprin, Inc.,* 133 Conn. 631, 639.

The minority view has impressive support, notably from Learned Hand, Circuit Judge, in *Di Carlo* v. *United States,* 6 F.2d 364, 368, and *United States* v. *Block,* 88 F.2d 618, 620, and from Professor Wigmore, who argues the minority view as follows: "It does not follow, however, that Prior Self-Contradictions, when admitted, are to be treated as having no *affirmative testimonial* value . . . . The only ground for doing so would be the Hearsay rule. But the theory of the Hearsay rule is that an extrajudicial statement is rejected because it was made out of Court by an absent person not subject to cross-examination. . . . Here, however, by hypothesis the witness is present and subject to cross-examination. There is ample opportunity to test him as to the basis for his former statement. The whole purpose of the Hearsay rule has been already satisfied. Hence there is nothing to prevent the tribunal from giving such testimonial credit to the extrajudicial statement as it may seem to deserve. Psychologically of course, the one statement is as useful to consider as the other; and everyday experience outside of court-rooms is in accord." 3 Wigmore, Evidence, op. cit., p. 687; see *United States* v. *DeSisto,* 329 F.2d 929.

The temptation is strong to permit the verdict in this case to stand, thus adopting the minority view. It is not, however, for this court to rule contrary to a principle adhered to by most of the courts in this country and one which has been consistently followed by the highest court in this jurisdiction.

The motion of the defendant for judgment is granted.