## Mayme E. Kelsaw *v.* Lincoln Green

### Appellate Division of the Circuit Court

File No. CV 2-6911-72160

Argued January 4—decided March 5, 1971

*Donald C. Cousins,* of Bridgeport, for the appellant (plaintiff).

*Joseph Mirsky,* of Bridgeport, for the appellee (defendant).

Casale, J. Judgment for the defendant having been rendered by the trial court in paternity proceedings brought under § 52-435a of the General Statutes, the plaintiff has appealed.

The plaintiff assigns several errors in the trial court's finding. Two assignments seeking to have certain facts added which we find are neither admitted nor undisputed must be denied. Practice Book § 985. Two other assignments seek to strike paragraphs 9 and 10. Paragraph 9 states: "On Friday and Saturday nights the plaintiff frequented Logan's Bar in Bridgeport and spent a good part of the evening with male customers." An examination of the evidence does not disclose how much time the plaintiff spent in the bar and in the company of the male customers. Furthermore, the finding does not show the materiality of the paragraph. It may be

noted, however, that the trial court, acting on the plaintiff's motion to correct, made an addition to the finding relating to the presence of the plaintiff in Logan's Bar. Paragraph 10 states: "The defendant never dated the plaintiff." This assignment will be considered with another assignment relating to paragraph 11, which reads: "The defendant did not invite the plaintiff to his apartment." The plaintiff seeks to have added to paragraph 11 the following: "but admitted the plaintiff was at his apartment many times." On direct examination, in answer to the question whether he had a date with the plaintiff, the defendant answered, "I didn't have a date with a girl in my life—I never dated girls." A moment later he was asked how many times the plaintiff came to his apartment, and he answered, "Quite a few times." Asked if she came with anyone, he answered, "No." It may reasonably be understood that when the defendant said he never dated the plaintiff, he merely meant he did not take the initiative in arranging meetings with her. In reviewing the evidence given by the defendant, it is apparent that he considered himself the pursued, not the pursuer, in his relationship with the plaintiff. The trial court was not incorrect in refusing to strike paragraph 10. The defendant's testimony that the plaintiff came to his apartment quite a few times was in the nature of a judicial admission. *Kanopka* v. *Kanopka,* 113 Conn. 30, 39; Maltbie, Conn. App. Proc. § 158. The plaintiff was entitled to the addition to paragraph 11 requested by her.

Following is a summary of the facts found by the trial court, including the corrections made here. The plaintiff was married to a man other than the defendant; she was not divorced, but she had not seen nor lived with her husband since 1959. The plaintiff has five children, but only one was had with her husband. Both the plaintiff and the defendant, an

unmarried man, have had prior out-of-wedlock children, but not with each other. The plaintiff and the defendant met at Logan's Bar in Bridgeport. On some Friday and Saturday evenings when the defendant was at Logan's Bar, he observed that the plaintiff was also present. He never dated the plaintiff. He did not invite the plaintiff to his apartment, but the plaintiff was at his apartment many times. The plaintiff wanted the defendant to be her man. The plaintiff became pregnant in October, 1968. She realized in January, 1969, that she was pregnant, and she told the defendant then that she was pregnant and accused him of being the father. On July 4, 1969, the plaintiff gave birth to a female child at the Bridgeport Hospital. After the baby was born, the plaintiff on several occasions told Frances Wilson, Margaret Perry and Bronis Ploughman that the defendant was the father of her child. The plaintiff accused the defendant of being the father when she realized she was pregnant and also after the baby was born. Frances Wilson was told eight or nine times that the defendant was the father of the baby. The defendant told his friend, Charles Todd, several times that he, the defendant, was accused of being the father of the plaintiff's baby. Todd had no knowledge of whether the parties had had sexual relations. The defendant gave his landlady orders not to admit the plaintiff to his apartment. The landlady would not have been aware of the visits of the plaintiff to the defendant's apartment. In the fall of 1969, the plaintiff entered the defendant's apartment and took his apartment keys, but he secured the return of the keys when he complained to the police that she had taken them without his permission. The defendant took the baby to the hospital when the plaintiff abandoned her in the defendant's apartment shortly after she was born. The defendant denied having sexual

intercourse with the plaintiff and claimed that she was interested in having her arms around him.

The court arrived at the following conclusions: (1) The plaintiff's evidence of accusations of paternity lacked the credible quality and serious import necessary to persuade the court. (2) The plaintiff failed to establish by a preponderance of the evidence, that the defendant was the father of the child born to her.

The plaintiff assigns error in the conclusions reached by the trial court. They are tested by the finding. The conclusions must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Brauer* v. *Freccia,* 159 Conn. 289, 293.

Paternity proceedings are civil, not criminal, in their nature, and the general rules respecting civil actions are applicable to them. *Pelak* v. *Karpa,* 146 Conn. 370, 372; *Copes* v. *Malacarne,* 118 Conn. 304, 305. Section 52-435a of the General Statutes makes constancy of accusation by the mother competent evidence in paternity proceedings, and it may be proved, not as an independent fact, but in corroboration of her own testimony. *Mosher* v. *Bennett,* 108 Conn. 671, 675; *Hellman* v. *Karp,* 93 Conn. 317, 320; *Benton* v. *Starr,* 58 Conn. 285, 288; *Robbins* v. *Smith,* 47 Conn. 182, 189.

In the case at bar, the plaintiff made out a prima facie case by her testimony charging the defendant with being the father of her child and by constancy of accusation directed to the defendant and told to several others as well. "The prima facie case so made out places upon the reputed father the burden of showing his innocence of the charge, and under our practice he must do this by other evidence than his own." *Mosher* v. *Bennett,* supra, 674.

Under the facts found by the trial court, the plaintiff had clearly made a case sufficient to shift the burden of proof to the defendant. This burden was not met by the defendant, who merely denied having sexual intercourse with the plaintiff.

The conclusions reached by the trial court are legally and logically inconsistent with the facts found by it. Its finding leads clearly to the conclusion that the defendant is the father of the plaintiff's child.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover such sums as may be found to be due upon further evidence, taken under General Statutes § 52-442.

In this opinion JACOBS and KINMONTH, Js., concurred.