[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the Family Support Magistrate.
The facts of the case are as follows. The plaintiff while married gave birth to a child. The plaintiff and her husband were divorced in Louisiana. The dissolution was silent as to that child. The plaintiff filed a URESA petition seeking to have the defendant established as the father of the child. During the long course of this case, the magistrate ordered DNA testing and also ordered that the plaintiff or the State of Louisiana must prove first that the child is not issue of the marriage.
When the Plaintiff failed to follow the order of the Court to establish that her former husband was not the father, the Magistrate denied the Plaintiff's Motion for Trial and entered the Judgment of Non-Suit. The question on appeal is was this error.
Pursuant to Connecticut General Statutes 46b-160 "proceedings to establish paternity of a child born or conceived out of lawful wedlock, including one born to, or conceived by a married woman but begotten by a man other than her husband, shall be commenced . . ." Therefore there is no requirement under the law that the plaintiff first establish that her husband is not the father of the child. CT Page 5291
Under the law of the State of Connecticut, a child born during a marriage is presumed to be a child of this marriage. However, this presumption may be rebutted. (See Schaffer v.Schaffer 187 Conn. 224 (1982). One of the ways the presumption may be rebutted is to introduce into evidence the results of a DNA test which meets the statutory requirements (See Connecticut General Statutes 46b-168) and which does not exclude the punitive father. Then, the plaintiff "in a paternity proceeding need only prove her case by a fair preponderance of the evidence" Terrasiv. Anderson 3 Conn. Cir. Ct. 449, 453 (1965). See also Dimauro v.Natalino, 11 Conn. App. 548 (1987)
With the entering of the Judgment of Non-Suit and the denial of the Motion for Trial the court did not give to the plaintiff the opportunity under the law to go forward on the merits with her claim, to attempt to rebut the marriage presumption and to be able to prove her case by a fair preponderance of the evidence. Therefore, this was clear error.
The matter is remanded to the Family Support Magistrate session for a trial on the merits.
Frankel, J.