SUSAN ANDERSON ET AL. *vs.* THE TOWN OF NEW CANAAN.

Third Judicial District, Bridgeport, Oct. Term, 1897. ANDREWS, C. J.,
        TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A statement in the reasons of appeal that the trial court erred in reaching a certain conclusion upon the evidence in the case, is insufficient as an assignment of error, in that it fails to specifically and distinctly point out any error of law.

In a proceeding under § 2674 of the General Statutes, to compel a town to repair certain of its public roads, the question whether such roads are highways or not is one that may be raised by the town and, if raised, must be determined by the trier as incidental to the decision of the main question.

[Argued October 28th—decided November 30th, 1897.]

APPEAL from an order of the county commissioners of Fairfield County requiring the defendant to repair certain

alleged highways within its limits, taken to the Superior Court in Fairfield County and tried to the court, *Ralph Wheeler, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The complaint, signed and sworn to by Susan Anderson and twenty other citizens of this State, and indorsed and approved by the State's Attorney of Fairfield county, alleged that the defendant town neglected to keep in good and sufficient repair two public roads or highways (describing them) in said town of New Canaan, and that the selectmen failed to remove encroachments of trees and bushes from said highways.

The county commissioners after a hearing had, having ordered repairs to be made, and encroachments to be removed from one of said highways, so that it should be suitable and safe for public travel, and having found that the convenience of the complainants and of the public did not demand so great an outlay as would be required for the proper repair and removal of encroachments from the other, the defendant appealed to the Superior Court under § 2677 of the General Statutes, alleging in said appeal that the defendant was aggrieved by the decision of the county commissioners, in that they found that the highways described in the complaint were public highways; that one of said roads had not been kept in sufficient repair, nor the encroachments removed therefrom; and that the county commissioners had not sufficiently designated said roads, nor the character or extent of the repairs to be made.

Upon the appeal the Superior Court found the following facts: No record evidence of the layout of any of the highways was produced. Complainants offered a number of ancient deeds of lands in which the lands were described as bounded by these highways, evidence of use, and of repair by the town of New Canaan of portions of the ways. The court took a view of the ways. The ways have been used from time immemorial as public highways, have been repaired from time to time in certain places by the defendant town, and are ancient highways. Though not so much or so generally used

as formerly, they are still much used for heavy teaming in the moving of timber. The Cheese Spring road, southerly from the Anderson house, is now only occasionally used for any other purpose than the one mentioned, while the road running from Groupe's corner easterly to the Wilton line, is used considerably for light carriage driving. The condition of all of the roads has been for years such as to discourage their use. They are much out of repair, and travel over them with carriages or vehicles of any kind is difficult and dangerous. There are deep ruts and gullies; rocks and stones project from the surface, and in places bushes and branches of trees overhang and interfere with the passage of carriages. The Cheese Spring road from the Anderson house southerly, and the road running easterly from the corner near the Anderson house to the Wilton line, as now used, are generally only of the width of an ordinary cart-path. In view of the present use of the highways in question, the court finds that it will be sufficient to put them in a reasonably safe condition, in the manner and to the extent ordered. The town of New Canaan has neglected and still neglects to keep said highways in good and sufficient repair, and said highways ought to be repaired. Public convenience and necessity require their repair to the extent ordered.

Upon the foregoing facts, counsel for the defendant claimed as a matter of law: that the roads described in the complaint were not public highways, and that this was not a proper action in which to determine the question.

The Superior Court also certified up certain evidence taken upon the trial in said court.

Upon said facts the Superior Court, in its order, found said highways described in the complaint to be public highways in the town of New Canaan, and ordered certain described repairs to be made, and certain described encroachments to be removed from certain described portions of both of said highways.

The first error assigned in the defendant's appeal to this court is as follows: The court erred in overruling the defendant's claim of law, *viz:* that upon the evidence in the case

the ways described in the complaint are not public highways, and that this is not a proper action in which to determine the question as to whether the roads described in the complaint are public highways.

The remaining reasons of appeal relate to alleged errors of the court in finding or refusing to find particular facts.

*John H. Light*, for the appellant (defendant).

*Joseph A. Gray*, for the appellees (plaintiffs).

HALL, J.   By the first reason of appeal we are asked to decide, first: " that upon the evidence in the case the roads described in the complaint are not public highways," and that the Superior Court erred in not so holding ; and second, that this is not a proper action in which to determine whether the roads described in the complaint are public highways, and that the trial court should have so held.

The first part of this reason of appeal presents no question which can be reviewed by this court.   It wholly fails to specifically and distinctly describe any error of law committed by the trial court.   Apparently, from the record, the principal question upon the trial, and the one upon which the case turned, was whether these roads were highways.   This assignment of error is equivalent to a statement that upon the evidence the judgment should have been in favor of the defendant.   *Osborne v. Troup*, 60 Conn. 485, 490; *Kimberly et ux. Appeal*, 68 id. 428 ; Rules of Practice, Chap. 14, § 4, p. 258.

If it can be regarded as a sufficient assignment of either an error of fact or of law, it cannot be considered by this court, for the reason that we have not before us all the evidence upon which the Superior Court decided that these roads were highways.   Exhibit A does not purport to be a statement of all the evidence.   The record shows that the presiding judge made a personal inspection of the *locus*.

This assignment of error is but an attempt to procure a new trial, by retrying in this court the questions of fact which

have been tried and decided by the Superior Court. This court cannot for that purpose retry such questions. *Styles* v. *Tyler*, 64 Conn. 432; *Atwater* v. *Morning News Co.*, 67 id. 504; *Neilson* v. *Hartford Street Ry. Co.*, ibid. 466; *Scott* v. *Spiegel*, ibid. 349.

For the purpose of correcting the record, it is unnecessary to refer to those reasons of appeal which are based upon the finding by the court and its refusal to find particular facts. The proper presentation of the only question of law raised by the appeal, namely, whether the county commissioners and the Superior Court might, in this proceeding, decide whether these roads were highways, will not be aided by such correction of the finding. That question is apparent upon the record as it now stands. *Hatch* v. *Thompson*, 67 Conn. 74.

The purpose of this proceeding was not to establish or fix the bounds of highways, but to compel towns to repair existing public ways. If, upon the trial, for the purpose of escaping the duty of repairing a particular road, the town attempts to show that such road is not a highway, as was evidently done in the present case, it becomes the duty of the triers to hear the evidence offered, and to decide that question as incidental to the decision of the main question of the duty of the town to make the desired repairs. By making the claim that the way in question is not a public one, the town cannot defeat the purpose of the statute under which this proceeding was commenced, by compelling the complainants, before obtaining from the county commissioners an order for the repair of the roads, to first, by proceedings under another statute, procure them to be laid out and established as lawful highways.

There is no error.

In this opinion the other judges concurred.