HOWARD P. KIRBELL ET AL. *vs.* WILLIAM T. PITKIN ET AL., EXECUTORS.

75  301
77  369

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Upon the trial of an appeal from the probate of a will, the appellants claimed that the attorneys for the executors had unlawfully tampered with certain witnesses, and, as tending to support that claim and to show that other than legal services had been performed by such attorneys and paid. for by the estate, offered in evidence a copy of the final account of the executors, as approved and allowed by the Court of Probate, showing that the legal and other expenses of settling the estate were over $63,000, the legal expenses being stated, apparently, in a lump sum without items. *Held* that this evidence did not tend to prove that any unlawful services had been rendered or paid for, and was, therefore, properly excluded.

The decision of the trial court, that the will offered for probate is the last will of the- deceased, is a conclusion of fact; and so-called claims of law, based upon assumptions of fact which are inconsistent with said conclusion, will be disregarded.

Kirbell et al. *v.* Pitkin et al., Exrs.

The impropriety and futility of attempting to retry in this court questions of fact decided by the trial court has been frequently pointed out; and the evils of the practice are not lessened by taking exceptions to the finding, and to the refusal of the trial court to find as requested, and basing reasons of appeal thereon.

Argued October 15th—decided December 5th, 1902.

·APPEAL from an order and decree of the Court of Probate for the district of Hartford, approving and admitting to probate a certain instrument as the last will and testament of Henry Kennedy of Hartford, deceased, taken to the Superior Court in Hartford County and tried to the court, *Thayer, J.;* facts found and judgment rendered affirming the decree of the Court of Probate, and appeal by the plaintiffs for alleged errors in the rulings and findings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Lewis E. Stanton* and *Sidney E. Clarke*, for the appellants (plaintiffs).*

*Charles E. Perkins* and *William Waldo Hyde*, with whom was *Arthur F. Eggleston*, for the appellees (defendants).

HALL, J. The testator, Henry Kennedy, died March 15th, 1899, leaving a large estate. His will, dated December 29th, 1898, which was admitted to have been duly executed, and by which he left the principal part of his property to his

---

· *On inspecting the appellants' brief, the court made the following order:

"ORDER RESPECTING APPELLANTS' BRIEF.

"On reading the brief filed by the appellants in the above-entitled cause, the court is of opinion that it contains imputations respecting the judge of the trial court which are improper and unwarranted by any facts disclosed upon the record; and therefore

"IT IS ORDERED that said brief be struck from the files as unfit to be filed in said cause; and it is further

"ORDERED that counsel for the appellants be allowed to file a proper brief, on or before October 25th, and that the appellees be allowed to file a reply brief thereto, if they should desire, within one week thereafter."

A proper brief was subsequently filed.

adopted daughter Nellie W. Pitkin, wife of William T. Pitkin, one of the executors of said will, was admitted to probate March 23d, 1899. At that time the appellants, who are said to be grandnephews of the testator, were minors. The appellees are the two executors of said will.

The reasons of appeal filed in the Superior Court allege that the will of December 29th, 1898, was not the last will of the testator, but that on or about the 24th of February, 1899, he executed another will revoking all former wills, and that said last will has been lost or destroyed.

A proper understanding of the claims made by the appellants in their appeal to this court requires a statement of certain facts which they endeavored to prove upon the trial, in support of the above reasons of appeal, of some of the evidence offered to establish those facts, and of the facts which were found by the trial judge.

The appellants claimed to have proved in the trial court that on the 24th of February, 1899, in his office in the Ballerstein Building, in Hartford, said Henry Kennedy executed another will revoking all former wills, and by which will most of the estate of said Kennedy was left to other persons than said adopted daughter, Mrs. Pitkin, and that said will was duly witnessed by three witnesses: a colored man named Barnett Johnson, one Mitchell A. Hunter, a milkman, and Frank E. Conran, a plumber. Neither the original, nor a copy of said alleged will, was produced at the trial. It was claimed to have been shown that this will, on the day it was executed, was placed by said Kennedy in a drawer of a desk in his said office, and that it remained there until the 13th of the following March, on which day, during the last sickness of said Kennedy, it was claimed that said Barnett Johnson saw William T. Pitkin stealthily enter said office, heard him lock the door on the inside, open said desk and open a window, heard the rustling of papers, and saw smoke coming over the top of the door, and it was claimed to have been thus shown that said Pitkin, at that time, fraudulently destroyed said will.

It was also claimed by the appellants to have been proved

that a pencil memorandum made by said Kennedy, of the sums and property given by said will, and of the names of the persons to whom the same were given, was used by said Kennedy in drawing said will, and that this memorandum, on the day the will was executed, was taken by said Barnett Johnson, who, it was claimed, remained that day in Kennedy's office from about eight o'clock in the morning until about four o'clock in the afternoon and while Kennedy was writing his will, and that said memorandum was kept by said Johnson until the 27th of the following March, on which day it was lost or taken from his pocket at an interview with one of the appellees' attorneys at said attorney's office.

Said Johnson testified to a large number of bequests said to have been contained in the alleged will of February 24th, among which was one of $5,000 to his children, and one of $1,700 to the child of said Conran.

Both Johnson and Conran testified that the will of February 24th was witnessed by themselves and by said Hunter. Said Johnson was the appellants' principal witness as to the drawing, execution, and subsequent destruction of the alleged will of February 24th, and as to the existence and subsequent loss of the alleged memorandum. He was directly contradicted by Hunter, who testified that he himself did not witness the alleged will and was not present at the execution of such a will; by Mr. Pitkin, as to the circumstances indicating that said will was destroyed; by the attorney of the appellees, as to the loss or taking of said memorandum at his office on the 27th of March; and by several other witnesses, upon material matters testified to by said witness Johnson.

Some of the appellants' witnesses testified that before the trial the appellees and some of their attorneys attempted by improper means to procure, from the alleged witnesses of the will of February 24th, affidavits that they had not witnessed such a will. The testimony that improper means were employed to obtain such affidavits was contradicted by the testimony of the persons so charged.

Barnett Johnson testified that one of the attorneys of the appellees told him that a certain other attorney of the appel-

lees bought jurors and tampered with judges. This testimony was contradicted by that of the attorney who was said to have made such statement.

It was proved upon the trial that after the will of December 29th had been probated, some of the heirs of said Kennedy appealed from the decree admitting said will to probate, and secured a settlement of their claims in January, 1900.

Upon all the evidence presented, the trial court found that the presence of Johnson, Hunter and Conran at the office of Kennedy on the 24th of February, 1899, the drawing and execution of another will on that day and the subsequent destruction of such will, the making of a memorandum by said Kennedy containing the substance of such a will, the taking of such memorandum by Johnson, and the subsequent loss of it at the office of said attorney, had not been proved; and found that said will of December 29th was the last will of said Kennedy.

The trial court also found that it had not been proved that attempts had been made by improper means to procure affidavits of the alleged witnesses to a later will; but that counsel for the appellees did endeavor to obtain from such witnesses voluntary sworn statements, in the form of affidavits, of the facts which such witnesses had orally stated to said counsel, and that said attorneys justified the obtaining and attempting to obtain such affiadavits upon the ground that they believed that said alleged witnesses, and their associates, were dangerous men, and that they proposed to commit them by such affidavits. The court further found that the statement claimed to have been made to said Johnson, that one of the attorneys of the appellees could control jurors and judges, was not proved.

In their appeal to this court the appellants claim that the trial court erred: first, in excluding certain evidence offered by the appellants; second, in overruling their claims of law set forth in the findings; and third, in refusing to correct the finding of facts as requested.

But one of the rulings upon evidence requires discussion. The appellants offered in evidence a copy of the final ac-

count of the appellees, as executors of the will of December 29th, which was filed in the Court of Probate February, 1900, and allowed by that court before the present appeal was taken, showing that the legal and other expenses of settling the estate were over $63,000. The legal expenses were apparently given in a gross sum, without items. This document was claimed to be admissible, upon the ground that it tended to prove that services, other than legal services, had been performed and paid for to one of the counsel for the appellees; that the payment of this large sum showed a consciousness on the part of the executors that they needed to have work done which was not legal work but was unlawful work; and such alleged unlawful work, the appellants claimed, was the improper use of the money of the estate " to tamper with the will witnesses," and " to obtain affidavits to be used in order to hinder and delay the witnesses."

It is not claimed that there is anything in the account itself, excepting the amount paid for legal services, which tends to show that any of the funds of the estate were used for the payment of such improper services. It does not appear from the finding that any evidence was offered tending to show that the legitimate legal services actually rendered could not have been of the value charged. The ruling complained of did not deny the appellants the right of showing, either by inquiry of the executors or of other witnesses, that services of the unlawful character claimed had been rendered and paid for. As it appears from the finding, the extent of the ruling excluding the document offered was, that proof that large sums had been paid by the executors for legal services—which amounts had been adjudged by the Court of Probate having jurisdiction of the subject to be proper charges against the estate—did not tend to prove that the alleged unlawful services had been rendered or paid for. This ruling was correct.

The appellants' so-called claims of law, stated in paragraph 10 of the finding of facts, and the overruling of which is complained of in this appeal, seem to be statements of claimed facts, which are said by the appellants to show that

a valid will revoking all former wills was executed on the 24th of February, 1899. The decision of the trial court that the will of December 29th, 1898, was the last will of said Kennedy, was a sufficient ruling upon all these claims, and as that conclusion of fact appears to have been properly reached by the court, upon the evidence presented, it correctly disposed of said claims, whether they be regarded as questions of law or of fact.

The statement or implication contained in one of the appellants' so-called claims of law, that it had been proved that the appellees and their attorneys would attempt, or had attempted, to corrupt jurors and control judges, was entirely unjustifiable, as it is neither sustained by the facts found nor by any evidence in the case.

The proposed finding filed by the appellants, and their motion for a correction of and addition to the finding made by the trial judge, are nothing more, in effect, than requests to the trial court to reverse its decision upon the question of fact, decisive of the case, that the will of December 29th was the testator's last will. Excepting as they thus ask for the reversal of this decisive question of fact, the requested changes are not material.

By the appellants' exceptions to the finding of the court, and its refusal to find as requested, which are made reasons of appeal, we are in effect asked, upon an examination of the 600 or more pages of evidence attached to the record, to reverse this same decisive question of fact. A further discussion of this evidence would not prove useful. Respecting the entire evidence presented by the appellants in proof of the material facts relied upon as showing the execution of a later will than that admitted to probate, it may be fairly said that it was either directly contradicted by the evidence offered by the appellees, or that it was the testimony of persons who, the court might properly have held, were discredited witnesses. The impropriety and futility of thus attempting by appeal to retry in this court questions of fact, which have been conclusively settled by the finding of the trial court, has frequently been pointed out by us. See *Hyde* v. *Mendel,*

75 Conn. 140, in which many of the decisions upon this subject are cited; *Hayes* v. *Candee*, ibid. 131; *Smedley* v. *Fair Haven & W. R. Co.*, 73 id. 410.

There is no error.

In this opinion the other judges concurred.