JOHN HESSE, ADMINISTRATOR, *vs.* THE MERIDEN, SOUTH-
INGTON AND COMPOUNCE TRAMWAY COMPANY.

Third Judicial District, New Haven, January Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

This court will not correct a finding in a matter concerning which the evidence was conflicting, nor in a matter which was dependent upon the credibility of a witness.

The plaintiff's intestate, while riding as a passenger on the foot-board of a crowded open street-car, was struck and killed by one of the trolley-poles, which stood $14\frac{1}{2}$ inches from the edge of the foot-board and leaned toward the track at the outside of a curve, in rounding which the car, running at the rate of fifteen miles an hour, gave a jolt or lurch, thus tending to throw passengers outward in the direction of the pole. *Held* that upon these controlling facts the trial court was amply justified in finding the defendant negligent, whether that conclusion be regarded as one of law or of fact.

The defendant claimed that inasmuch as the decedent had ridden some distance upon the foot-board, he was chargeable with knowledge of the proximity of the poles to the track. *Held* that to meet this claim it was competent for the plaintiff to show that the poles which the car passed before the accident were placed at a safe distance from the track.

Mere proof of the death and age of the party injured can rarely warrant a court in awarding the maximum damages allowed by stat-

ute; but where, in addition to this, there is evidence tending to show that the decedent was of average size, in good physical and mental condition, and that he lived for an appreciable time after the accident and suffered more or less pain, it cannot be said, as matter of law, that an award of such damages is erroneous.

Argued January 28th—decided March 4th, 1903.

ACTION for negligence causing the death of the plaintiff's intestate, brought to the Superior Court in New Haven County and heard in damages to the court, *Thayer, J.;* facts found and judgment rendered for $5,000 damages, and appeal by the defendant. *No error.*

The case is sufficiently stated in the opinion.

*Marcus H. Holcomb,* for the appellant (defendant).

*Jacob P. Goodhart* and *Robert C. Stoddard,* for the appellee (plaintiff).

TORRANCE, C. J. Joseph J. Meyer, the plaintiff's intestate, while riding upon the foot-board of one of the trolley-cars of the defendant, came in contact with a trolley-pole, and was so injured thereby that he died within a short time thereafter. In the suit brought to recover damages for said injury, the defendant suffered a default and the case was heard in damages. The trial court rendered judgment in favor of the plaintiff for $5,000, and the defendant appealed.

The errors assigned relate to the action of the trial court: (1) in refusing to amend the finding as requested; (2) in admitting certain evidence; (3) in holding that the defendant was guilty of negligence, and that the deceased was not guilty of contributory negligence; (4) in overruling certain claims of law; (5) in rendering judgment, upon the evidence in the case, for full damages. These claimed errors will be considered substantially in the order stated.

Upon a careful review of the evidence certified, in connection with the defendant's claims to have the finding corrected, we are of opinion that the court did not err in refusing to do so. Most of the matters which the court below has

refused to expunge from or add to the finding, are matters about which there was some conflicting evidence, or are dependent upon the credit which the court might give to a witness; and the few, if any, not of this nature, are immaterial and would not affect the finding if added to or expunged therefrom; consequently the finding as made must stand.

The only ruling upon evidence of which the defendant complains, was correct. The defendant claimed that as Meyer, before he was struck, had ridden for some distance on the foot-board next to the poles, he was chargeable with knowledge of the nearness to the track of the pole that struck him. To meet this claim it was proper to show that the poles passed prior to the accident were placed at a safe distance from the track, and so would have led Meyer to believe, if he observed them at all, that all were so placed.

The court has found, in substance, the following facts: Meyer became a passenger on a trolley-car of the defendant going from Stillman's Corners toward Meriden. From the time he boarded the car until he was thrown off, he rode upon the right hand, or south, running-board of the car, near the rear platform. The car when he got on was full, every seat and the rear platform being occupied. Passengers were riding on both running-boards, and three or four others besides Meyer were riding on the south running-board. The car was a double truck, open car, for summer traffic, new and in good condition. There was room for persons to stand between the seats, and for a few to sit on the car floor between the seats with feet on the running-board, but it did not appear that it was practicable to do so while Meyer was on the car. Meyer voluntarily took his position upon the running-board and made no request for a seat, nor did he make any attempt to find a seat inside the car, or between the seats, or upon the platforms. The conductor saw Meyer get on, but did not know that he was riding on the running-board until he collected his fare. After doing so, the conductor passed around Meyer, and stood on the foot-board collecting fares from passengers on the rear platform. While so doing

"he felt some portion of Meyer's arm or hand strike him, and Meyer was hurled from the car." The car was then going down grade, with power off, under control of the brake, at the rate of fifteen miles an hour. It was stopped as soon as possible within about three hundred feet from the point where Meyer left the car. The conductor and others went back and found Meyer lying on the ground about thirty-five feet from the pole that struck him. He was alive, but unconscious, and died within a few minutes after he was found. The trolley-pole that caused the accident is situated on the south side of the track, at the outside of a curve, and leans toward the track. Its distance from the track, and from a car standing on the track near it, leaving out small fractions of an inch, is as follows: from the inside gauge line of the south rail to the pole, the distance is 3 feet and 6 inches; from the body of the car, at the level of the floor, to the pole, the distance is 25 inches, at the level of the seats it is 22 inches, while at the height of Meyer's head above the running-board, it is $21\frac{1}{2}$ inches. The running-board is $8\frac{1}{2}$ inches wide, and from the manner in which it is hung the distance between its outside edge and the pole is $14\frac{1}{2}$ inches. Nothing prevented the defendant from placing this pole at a greater distance from the track. A car travelling rapidly to the east, as was the one in question, when it strikes the curve aforesaid, "gives a jolt or lurch, and has a tendency to throw people upon the car outward." Just as the rear of the car, at the time in question, was passing this pole, the forward wheels struck the curve, "there was a jolt, and said Meyer's head was thrown back, and struck said pole, and he was hurled from the car in consequence." It did not appear that Meyer had any knowledge of the nearness of the pole to the track.

These are the controlling facts in the case, and from them the court drew the conclusion that "the defendant was negligent in permitting its passengers to ride upon said running-board while running its car at such rate of speed along the track at the point in question, with the pole situated as aforesaid."

The facts found amply justified this conclusion, whether it be regarded as one of fact or of law.

Upon the facts found, the court ruled that the defendant " had failed to disprove that the intestate's injuries and death were caused by the negligence alleged in the complaint, or to prove that the plaintiff's intestate was guilty of contributory negligence, as alleged in the notice " filed before the hearing in damages.

There is nothing in the record that shows or tends to show that the court erred in these rulings.

The defendant made some ten claims of law in the court below, relating to the question of negligence on the part of the defendant, and contributory negligence on the part of Meyer. Most of these claims were based upon states of fact negatived by the finding, and were properly overruled ; and so far as any of said claims were not so based, there is nothing in the record to show that the court overruled them.

The defendant also made the following claim below : " That upon the facts proven at said trial no judgment can be rendered against the defendant for greater than nominal damages." This, standing alone, is perhaps somewhat ambiguous. It may mean that upon the facts proven the defendant was not guilty of negligence, or that Meyer was guilty of contributory negligence, and so the plaintiff was entitled to no more than nominal damages ; or it may mean, as the defendant claims, that there was not sufficient evidence bearing upon the quantum of damages to warrant the court in awarding the full statutory amount. We are of opinion that this last is the meaning that should be given to this claim. The finding upon this point is as follows : " Upon the trial the plaintiff, in opening his case, offered no evidence of damages further than the fact, formally and expressly admitted by the defendant, that he (Meyer) was dead and that his age was thirty-seven years ; and there was no evidence as to damage, except such admission and the facts hereinbefore set forth." This part of the finding occurs near the end, so that " the facts hereinbefore set forth " include all the facts in relation to Meyer stated theretofore in the finding.

We agree with the defendant, that in cases of this kind there should be more evidence as to the quantum of damages than the mere fact that the injured party died, and at such an age. Such evidence, standing alone, would rarely, perhaps, warrant a court in awarding the full statutory amount of damages. But the court below had before it, bearing upon the quantum of damages, something more than the mere facts of the age and death of Meyer. There was evidence tending to show that Meyer was a man of average size, and in good condition physically and mentally; and there was evidence tending to show that he lived for some minutes after the accident, and that he suffered some pain. This being so, we cannot say that the court erred in awarding the full statutory amount of damages; especially in a case like the present, where, from the record, it appears that there was little or no contest as to the quantum of damages, and that the attention of the trial court was not called to this matter, save by the somewhat ambiguous claim of law hereinbefore stated.

There is no error.

In this opinion the other judges concurred.