ROBERT C. WALKER ET UX. *vs.* THE CITY OF WATER-BURY ET AL.

Third Judicial District, Bridgeport, April Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE AND THAYER, Js.

It is improper for an alderman holding a claim against the city to vote upon the question of its payment; and therefore if the passage of an order directing payment by the city is secured by means of his vote, evidence of the action of the board so taken is inadmissible in his favor in a suit subsequently brought by him against the city, especially if payment of the order has in the meantime been enjoined at the suit of a taxpayer because of such impropriety.

In their investigation and report respecting a claim presented against the municipality, a committee of the board of aldermen are not agents of the city for the purpose of making admissions.

Reasons of appeal are insufficient which fail to indicate the character of the error in such a way as to give reasonable notice of the ground of exception which the appellant intends to urge in this court; and this is equally true whether the alleged error was first disclosed by the judgment or arose in the course of the trial.

Argued April 15th—decided June 11th, 1908.

ACTION against the city of Waterbury and the Hellmann Brewing Company for the diversion by the city of a watercourse, and by the company of another watercourse, into a city sewer, whereby the plaintiffs' cellar was flooded, brought to and tried by the Superior Court in New Haven County, *Case J.*, who gave judgment for the defendants. *No error.*

*Lucien F. Burpee*, for the appellants (plaintiffs).

*Charles G. Root*, for the appellees (defendants).

BALDWIN, C. J. The Superior Court found that a diversion of each of the watercourses described in the complaint was made and damages sustained as alleged, but gave judgment for both defendants.

The appellants offered evidence from the files and records of the city, that the committee on law of the board of aldermen reported to the board that these damages were occasioned primarily by a diversion of a watercourse by the Brewing company, but that the city was liable to the plaintiffs for them; and recommended an order that they be paid $898 in full satisfaction, and the city attorney instructed to sue the company for reimbursement. Such an order was thereupon passed. The approval of the mayor was necessary to make it effectual, unless, if this were refused, it should be again passed by a two-thirds vote. He disapproved it and it was then so passed over his veto; but one of the plaintiffs, who was an alderman, was among those thus voting, and without his vote the necessary two thirds would not have been obtained. On account of his so giving it, the city, on the suit of a taxpayer, has been enjoined against making the payment.

Under these circumstances, the evidence offered was properly rejected. The committee on law were not agents of the city for the purpose of making admissions. Their function was to report their conclusions for approval or disapproval. Whether the action of the board of aldermen, upon their report, had it received the approval of the mayor, would have constituted an admission of the liability of the city, or laid the foundation of an estoppel, we have no occasion to inquire. The plaintiff Walker, by his vote as an alderman, could not in any such way make evidence for himself in his individual capacity. It was an impropriety for him to cast the vote, and though that was counted by the presiding officer, and considered in the official declaration of the action of the board, the fact of his participation in it was a proper subject of proof, in support of the objection taken by the city to his attempt to take advantage of what appeared upon its records.

The only other reasons of appeal read as follows: 1. The court erred in rendering judgment for both defendants upon the pleadings and facts found. 2. The court erred in rendering judgment for defendant, the city of Waterbury, upon the pleadings and facts found. 3. The court erred in rendering judgment for defendant, the Hellmann Brewing Company, upon the pleadings and facts found.

How the court erred in rendering its judgment is not pointed out. At most, nothing more is stated than that the judgment is not a proper conclusion from the pleadings and facts found. If not, why not? It was for the appellants to indicate the character of the error in such a way as to give to the appellees and to this court reasonable notice of the grounds of exception which it was intended to present. This duty exists in a case where the error claimed was first disclosed by the judgment, as well as when it arose in the course of the trial. It does not, as in *Atwood* v. *Welton*, 57 Conn. 514, 521, 524, 18 Atl. 322, necessarily appear on the face of the record by which of the several conclusions of law and fact reached by the trial court as the basis of its judgment, the plaintiffs claim to

have been aggrieved. The first, second and third reasons of appeal are therefore insufficient. General Statutes, § 802.

There is no error.

In this opinion the other judges concurred.