## MARY HELLMAN *vs.* MORRIS KARP.

First Judicial District, Hartford, January Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

An appellant who seeks to have this court correct a finding under the provisions of General Statutes, § 5832, should state the desired corrections in his assignments of error clearly and distinctly, so that it may be reasonably apparent what changes are requested.

An assignment to the effect that the trial court erred in finding the ultimate fact in favor of the plaintiff, as set forth in paragraphs one and two of the finding, does not comply with the foregoing rule; and the same is true of an assignment that "the evidence was too conflicting, uncertain and unreliable to base a finding of fact upon in favor of the plaintiff."

It is for the trier to find the fact or draw the conclusion upon conflicting evidence.

Attempts are futile to retry in this court questions of fact conclusively settled by the finding of the trial court.

In a bastardy proceeding, declarations of the complainant as to the paternity of the child, made subsequent to pregnancy and before the child's birth, are admissible under the statute (§ 6007), not as evidence of independent facts, but in corroboration of the mother's testimony to the same effect,—as tending to prove her constancy of accusation.

The present statute (§ 6007) is more liberal, in that it does not require that the mother should be "put to the discovery in the time of her travail, and also examined on the trial of the cause," as the earlier statute did (Rev. 1888, § 1207) in order to make the constancy of

her accusation prima facie evidence that the accused was the father of the child. All evidence admissible under the earlier statute is equally admissible under the present provision, and the judicial decisions under the earlier statute relative to the kind and quality of evidence admissible in this class of cases, retain their conclusive authority.

A birth certificate made under authority of law and stating the name of the father of the child, is admissible in evidence upon a bastardy proceeding to corroborate the testimony of the mother and show the constancy of her accusation.

General Statutes, · § 6006, provides that before a warrant can issue for the arrest of the alleged father of a bastard child, the complainant must have filed with her complaint the certificate of a reputable physician to the effect that after an examination of her person he believes she is pregnant or has been delivered of a child. *Held* that an averment in the complaint to the effect that this essential statutory requirement had been complied with, was not necessary, and that in the absence of such an allegation it would be presumed that such an indispensable prerequisite had in fact been met.

In the present case, however, the complaint alleged that "a reputable physician . . . duly certified that he believes that the complainant is pregnant." *Held* that if an averment of the making and filing of the certificate were essential, this allegation would have been a sufficient compliance with the requirements of the statute.

Public officers acting officially are presumed to have done their duty until the contrary appears.

How much, and for how long, the father of a bastard child should contribute to its support, must rest in the sound discretion of the trial court, to be exercised with due consideration for its welfare and the condition in life of the parents; and unless that discretion is abused, the conclusion of the trial court must be accepted as final.

Argued January 9th—decided February 19th, 1919.

BASTARDY COMPLAINT, brought before the City Court of Hartford (*Bullard, J.*) which found probable cause and bound over the defendant for trial in the Court of Common Pleas in Hartford County; that court, *Markham, J.*, found the facts and rendered judgment against the defendant, from which he appealed. *No error.*

*Joseph P. Tuttle*, for the appellant (defendant).

*Henry H. Hunt*, for the appellee (plaintiff).

WHEELER, J.   The first four assignments of error are based upon errors committed by the trial court in respect to certain findings.  The defendant has sought to correct these findings under the procedure authorized by § 5832 of the General Statutes, by which the evidence and rulings, duly certified, are made a part of the record; and if, upon examination of these, the court on appeal shall decide that the finding does not properly present the facts and rulings, it shall correct the same.

In order to secure the correction of a finding by this procedure and to give the appellate court a basis of action, it is essential that the assignment of error shall state in such way as to fairly present and thus make reasonably apparent such correction of the finding as is claimed.  *Churchill Grain & Seed Co.* v. *Newton,* 88 Conn. 130, 132, 89 Atl. 1121; *Dennison* v. *Waterville Cutlery Co.,* 80 Conn. 596–598, 69 Atl. 1022; *Walker* v. *Waterbury,* 81 Conn. 13, 15, 69 Atl. 1021.

The specification in assignment of errors 1 and 2, of the finding of the ultimate fact in favor of the plaintiff as set forth in paragraphs 1 and 2, does not state the correction desired in such way as to make reasonably apparent such correction.

The same criticism must be made of error 3, "in finding the ultimate facts in favor of the plaintiff"; of error 4, that "the evidence was too conflicting, uncertain and unreliable to base a finding of fact upon in favor of the plaintiff"; and of errors 5 and 6 which are similarly affected.

But the case need not be governed by the strict observance of this technical rule of procedure, for if the corrections desired had been sufficiently stated, we think the evidence would not have justified their granting.

Before considering these questions, the rulings on evidence should be passed upon.  Statements of the

complainant as to the paternity of the child, made subsequent to pregnancy and before the birth of the child, were received in evidence over the defendant's objection and exception.

The defendant concedes that the decisions in this jurisdiction fully support these rulings in bastardy cases. General Statutes, § 6007, made evidence of this character admissible in support of the constancy of the accusation. This statute formerly read (Rev. 1888, § 1207): "and if such woman shall continue constant in her accusation, being put to the discovery, in the time of her travail, and also examined on the trial of the cause, it shall be prima facie evidence that such accused person is the father of such child."

The present form of the statute, § 6007, first appearing in the Revision of 1902, § 970, and reading: "and if such woman shall continue constant in her accusation, it shall be evidence that such person is the father of such child," does not compel the proof of constancy at the time of travail and on the trial, to make out a prima facie case, but merely permits the introduction of evidence of continued constancy in accusation as evidence that the accused is the father.

The statute as now in force does not restrict the evidence of constancy; it merely makes its introduction in the manner formerly required to make out a prima facie case, unnecessary, and it makes it unnecessary to thus make out a prima facie case. All evidence admissible under the former statute is now equally admissible under the present statute; and the decisions during the life of the earlier statute upon the kind and quality of evidence admissible in this class of cases, retain their decisive authority. *Booth* v. *Hart*, 43 Conn. 480; *Robbins* v. *Smith*, 47 Conn. 182.

We admit this kind of hearsay evidence not as evidence of independent facts, but as corroborative of the

complaining mother's testimony to the same effect. The earlier statute required constancy in the accusation as a security against her possibly false oath in making out a prima facie case.

The present statute permits such evidence, it does not compel it. *Benton* v. *Starr*, 58 Conn. 285, 288, 20 Atl. 450.

We have, upon like ground, admitted this kind of evidence in the trials upon an information charging the defendant with carnally knowing and abusing a female child. General Statutes, § 6392; *State* v. *Sebastian*, 81 Conn. 1, 69 Atl. 1054.

The ultimate fact of the finding whose correction has been inadequately stated is, we may assume, the finding of the defendant as the father of the child. The plaintiff herself testified to this fact and to facts which tended to establish this fact. Her statements subsequent to pregnancy tended to prove her constancy in accusation of the defendant. The certificate of birth reciting this fact was evidence in corroboration, for the certificate was made under authority of law and the facts stated therein were required to be stated by the attending physician and made upon the best information he could obtain. General Statutes, § 329. If it be true that the principal reliance of the physician was necessarily the plaintiff, the constancy of her accusation under such circumstances strengthens the corroboration, for while a false accusation might be made to relatives and friends, it would be less likely to be made to a representative of the law who spoke and acted under the sanction of his duty.

Some of the other facts in evidence surrounding her pregnancy and delivery tended to corroborate the fact of the paternity.

The defendant's contention is that in the final analysis the fact of paternity rests upon the plaintiff's

own statement, and that this is too conflicting, uncertain and unreliable to justify a finding made from it, or a judgment based upon a fact or conclusion reached in reliance upon her statement. Where the evidence is conflicting, as in this case, it is for the trier to find the fact or draw the conclusion based upon the conflict of evidence. The futility of an attempt to retry in this court questions of fact conclusively settled by the finding of the trial court has been frequently pointed out by us. *Hesse* v. *Meriden, S. & C. Tramway Co.,* 75 Conn. 571, 573, 54 Atl. 299; *Hayes* v. *Candee,* 75 Conn. 131, 133, 52 Atl. 826; *Kirbell* v. *Pitkin,* 75 Conn. 301, 307, 53 Atl. 587; *Hourigan* v. *Norwich,* 77 Conn. 358, 369, 59 Atl. 487.

After the defendant had filed his answer of not guilty, he moved to erase the cause from the docket because the complainant had not filed with the complaint the certificate of a reputable physician as required by General Statutes, § 6006. Before the authority to which application is made can issue a warrant and cause the person complained of to be brought before some proper authority, the complainant must have filed with the complaint "the certificate of a reputable physician certifying that after personal examination of the person of the complainant such physician believes that the complainant is pregnant or has been delivered of a child." The defendant relies upon the complaint and warrant to support his contention that the complainant had not filed with the complaint the certificate required by the statute. The warrant does not recite nor have attached to it the certificate; but it requires the defendant to answer to the "foregoing complaint," and hence the complaint practically becomes a part of the warrant. The complaint does not incorporate the certificate either by recitation or attachment. It does state the fact that

Hellman *v.* Karp.

"a reputable physician . . . duly certified that he believes that the complainant is pregnant." Of only a certificate made and filed in accordance with the statute, could it be affirmed that a physician had duly certified. So that if the fact of the making and filing of the certificate were essential allegations, we should incline to the view that the allegation made in this complaint was a sufficient compliance with the requirements of the statute. But we do not think the statute requires this allegation as an essential part of the complaint or warrant. The statute requires merely the existence of the fact, viz., that the certificate be made and filed as a prerequisite for official action. It cannot be held that the complaint alleges a failure to make and file the certificate. Rather the complaint alleges the existence of such a certificate, and when it recites that the physician "duly certified," it is equivalent to saying that the certificate was made and filed in accordance with the statute. But if as to this fact the complaint and warrant were negative, we could not hold that the certificate had not been made and filed. On the contrary, we must presume from the official action taken that this indispensable prerequisite had been met. "Public officers acting officially are presumed to have done their duty until the contrary appears." *Atwater* v. *O'Reilly*, 81 Conn. 367, 371, 71 Atl. 505.

The error assigned in the judgment for the maintenance of the child and one half the expenses of lying-in and nursing the child up to the time of judgment is too inconsequential for notice. The hospital bill and that of the Shelter for Women was $111. The cost of caring for the child up to the date of judgment at the price fixed by the Shelter for Women was $3.50 a week, making for all these items a total of $187 instead of $193 as found by the court. The period during which the defendant is required to pay for the support of

the child was until the child became fourteen years of age. This provision was made to provide for the care of the child until he might be presumed to be able to help care for himself. Since the defendant was responsible for the paternity of the child he is made responsible for the maintenance of the child, with the assistance of the mother,—a provision made in order that the child may not become a public charge and in order that the entire burden of his care may not fall on his mother. General Statutes, § 6008. The judgment will help accomplish this. The statute, § 6008, authorized the court to order the defendant "to pay a certain sum weekly, for such time as the court shall judge proper." What that sum shall be, and what the period of payment shall be, must rest in the sound discretion of the court, to be exercised in due consideration of the welfare and condition of the parties. 7 Corpus Juris, 1001. Until that discretion is abused— and this case is not of this class—the conclusion of the trial court must be accepted as final.

There is no error.

In this opinion the other judges concurred.