GERTRUDE E. LIEFELD *vs.* CHARLES E. COFFIN, EXECUTOR.

Third Judicial District, New Haven, June Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Subordinate findings of fact, contained in the report of a State Referee or of a committee, cannot be reviewed in this court, if made upon conflicting evidence.

When the findings set forth in such a report are in reality conclusions of ultimate fact, they may, under the rules (Practice Book, p. 264, §§ 98, 101), be attacked upon the basis that they are illegally or illogically drawn from the subordinate facts, but never upon the ground that they "are found without evidence and contrary to the evidence," since this is but another way of saying that the finding was contrary to the weight of evidence.

A paragraph in a remonstrance which does not state in specific and definite form the error complained of, does not merit consideration.

Liefeld *v.* Coffin.

An assignment of error that "the court erred in rendering judgment as on file," is not that "specific statement" required by § 5837 of the General Statutes.

Under § 5837, this court is not bound to consider any claimed errors on appeal, unless it "appears on the record that the question was distinctly raised at the trial and was decided by the court adversely to the appellant's claim."

Argued June 3d—decided July 30th, 1925.

ACTION against an executor to fasten upon the assets of the estate a constructive trust in favor of the plaintiff, brought to the Superior Court in New Haven County and referred to the *Hon. Donald T. Warner,* a State Referee, who heard the parties and reported the facts; the court, *Nickerson, J.,* accepted the report and rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

*George E. Beers,* with whom was *Albert F. Welles,* for the appellant (plaintiff).

*Frederick L. Perry,* for the appellee (defendant).

CURTIS, J. In her complaint the plaintiff alleged her claim as follows:

"First, a claim to the assets of the estate to the amount of $40,000, said $40,000 being funds placed in the hands of the deceased, Margaret K. Hanna, in part by the plaintiff and in part by her late mother, and mingled by the said Margaret K. Hanna with her own property.

"Second, a claim for $40,000 for money advanced by the plaintiff and by her late mother, to the deceased; both of said claims being presented in the right of the plaintiff as based upon transactions between the deceased and the plaintiff and upon the right of the plaintiff as succeeding to the mother's interest therein.

"The plaintiff succeeded to all of the assets of her

Liefeld v. Coffin.

said late mother and is legally and beneficially entitled to the said claims and to the rights therein set up."

These claims were not materially changed by the more specific statements filed in response to motions. The defendant denied the allegations. The State Referee heard the parties, their witnesses and counsel, and made a report of the subordinate and ultimate facts found.

It was uncontested on the hearing that Margaret K. Hanna, the defendant's testatrix, and Elizabeth Osgood, the plaintiff's mother, were sisters, and that the plaintiff was a daughter of Elizabeth, born April, 1875. In 1880 the husbands of both Margaret and Elizabeth died. Shortly thereafter Margaret and her two minor children, Elizabeth and her child, together with the mother of Margaret and Elizabeth, agreed to establish and maintain, by mutual contributions, a common home in New Haven under the management of Margaret. The children of Margaret died, one in 1883, one in 1905. The mother of Margaret and Elizabeth died in 1891. The survivors lived together in the common home until June, 1903. The plaintiff, Gertrude, married in 1903, and with her husband and mother, Elizabeth, went abroad to live in Freiburg, Germany, thus bringing to an end the common home. Elizabeth died in Europe in 1908, and Margaret died in New Haven, testate, in November, 1919, and her will was there probated.

By the terms of her will, dated November 16th, 1908, all the personal effects, clothing and furniture, were given absolutely to her sister, Elizabeth Osgood, and the use of all other estate given to Elizabeth for and during her life, and upon the decease of Elizabeth the residue was given absolutely to the American Board of Commissioners for Foreign Missions.

Elizabeth K. Osgood was appointed executrix of her will, and excused from giving any bond as life tenant or executrix. June 4th, 1910, Elizabeth K. Osgood having deceased, Margaret K. Hanna executed a codicil to her will, and appointed the defendant, Coffin, executor in place of Elizabeth, deceased, republishing and confirming her will in all other respects.

The plaintiff sought to prove that during the years of common family life, the contributions of Elizabeth and the plaintiff had been, when coupled with the contributions of Margaret, in excess of the needs of the common home, and that their contributions were in excess of the contributions of Margaret, and had been retained by Margaret, and constituted a fund in her possession, as to which a constructive or implied trust attached in favor of Elizabeth and the plaintiff, and since Elizabeth's death in favor of the plaintiff.

The finding of the referee—based in a measure, because of the death of Elizabeth and Margaret and the age of the plaintiff during a part of the common life, upon inferences from the facts involved in the way in which the common family life was conducted—disclosed that there were no such contributions in excess of the needs of the common home, and no funds or property of Elizabeth or Gertrude retained by Margaret, and hence that there was no fund in her possession as to which such a constructive or implied trust attached in the plaintiff's favor.

Upon the rendering of this report, the plaintiff remonstrated, as follows:

"The plaintiff remonstrates to the report of the State Referee because it finds certain material facts without evidence and contrary to the evidence, viz.:

"1. On page nineteen that no facts existed upon which a constructive trust could be predicated.

"2. On page twenty-three that no fraud—actual or constructive—existed.

"3. That the facts were such that the plaintiff does not have the rights claimed by her or any rights at all in the funds claimed by her to be a common fund.

"The plaintiff presents all of the evidence herewith, to be filed within the time limited by the court."

The court overruled the remonstrance, and such action is alleged as the second ground of appeal. This ground of appeal is based upon the overruling of the remonstrance because the referee found as a fact that no constructive or actual fraud existed, without evidence and contrary to the evidence (see paragraphs one and two of the remonstrance). The appellant here deals with these findings as if they were findings of subordinate facts; and if they were, *Ferguson* v. *Cripps*, 87 Conn. 241, 87 Atl. 792, would be a sufficient answer to her objection. But these findings are conclusions of ultimate fact by the referee, and can only be attacked by inquiring whether they were illegally or illogically drawn from the subordinate facts found by him. They cannot be attacked by reviewing the evidence to determine whether they were illegally or illogically drawn from the evidence. The Rules of Court as to the report of a committee or a State Referee indicate this clearly. See Practice Book, p. 264. Section 98 reads in part: "The report should ordinarily state only the ultimate facts found; but if the committee [or State Referee] has reason to believe that his conclusions as to such facts from subordinate facts will be questioned, he may state the subordinate facts. . . ." And § 101 (p. 265) reads: "The court will not retry the facts found by a committee, nor will it find facts or draw inferences from evidence stated in the report. . . . The court may review the findings of ultimate facts made by the committee

upon examination of the subordinate facts found, in order to determine whether the committee's conclusions have been legally reached." Therefore there was no error in overruling a remonstrance based on such grounds.

The statement in paragraph three of the remonstrance is open to the same objection, and is stated in such an indefinite way as not to merit consideration as a ground of error. See General Statutes, §§ 5820, 5833.

The plaintiff filed eight reasons of appeal from the judgment. The first ground of appeal is that "the court erred in rendering judgment as on file." This ground is not well taken, because it does not contain the specific statement of error required by § 5837. *Hartford-Connecticut Trust Co.* v. *Puritan Laundry, Inc.*, 95 Conn. 172, 111 Atl. 149; *Hine* v. *McNerney,* 97 Conn. 308, 116 Atl. 610; *Hines* v. *Norwalk Lock Co.*, 100 Conn. 533, 124 Atl. 17.

None of the other assignments has merit. They are predicated upon conclusions made by the trial court, or upon a failure to reach conclusions, as to which the record gives us no information. General Statutes, § 5837, provides that the Supreme Court "shall not be bound to consider any errors on an appeal, unless they are specifically stated in the reasons of appeal, and unless it also appears on the record that the question was distinctly raised at the trial and was decided by the court adversely to the appellant's claim."

The reasons of appeal are so stated that we do not feel justified under the record in assuming that it contains the assignment of errors which, upon argument, it appeared that appellant desired to make, to wit, that the judgment was erroneous because the facts found in the report show that either a constructive or an implied trust existed in favor of the plaintiff, in moneys handed over to Margaret K. Hanna by the

plaintiff or her mother, and therefore that the judgment should establish the trust and order its terms to be complied with.

There is nothing in the record to require any action by us in order to insure a just determination of the case.

There is no error.

In this opinion the other judges concurred.