## LEON F. BAKER
### vs.
## TOWN OF STRATFORD

Superior Court          Fairfield County          File #46028

Present: Hon. PATRICK B. O'SULLIVAN, Judge.

Shannon & Wilder,          Attorneys for the Plaintiff.

Pullman & Comley,          Attorneys for the Defendant.

## MEMORANDUM FILED AUGUST 8, 1936

O'SULLIVAN, J.   In Division A of the remonstrance, the defendant attacks paragraphs five, six, nine, thirteen and sixteen of the Referee's report on the ground that the paragraphs under criticism contain facts found without evidence. There is no merit at all to the claims as to the four first mentioned paragraphs.   The first sentence of paragraph sixteen is supported by ample evidence.   The second sentence reading, "In arriving at the conclusion and making the order it did the Board of Zoning Appeals of Stratford disregarded the facts before it and acted unfairly, unjustly and arbitrarily", is the statement of an ultimate fact, a conclusion reached from subordinate facts.   One cannot, in a remonstrance, attack an ultimate fact or a conclusion by claiming there is no evidence to support it.   **Liefeld vs. Coffin, 103 Conn. 279.**

Division B is devoted to a request that twelve additions be made to the report of the Referee as these additions, it is alleged, were admitted or undisputed facts.

Division C sets forth certain claims of law made to the Referee.

Division D attacks the conclusion of the Referee as "contrary to the law and contrary to the evidence and the admitted and undisputed facts".

It becomes unnecessary to ascertain whether the facts claimed to be admitted or undisputed were, in fact, of that character.   Nor is it necessary to examine the claims set forth in Divisions C and D.

A remonstrance is a technical pleading and must be strictly examined and passed upon.   The vital part of the report is found in paragraph sixteen, wherein it is stated that the Board of Zoning Appeals acted unfairly, unjustly and arbitrarily.   As stated above, this is the expression of a conclusion.   As long as it remains in the report, this Court can do nothing other than accept the report, for the Superior Court is concerned, in the last analysis, only with the problem as to whether or not the action of the Zoning Board was illegal and arbitrary.

There is but one method by which any conclusion or ultimate fact may successfully be attacked by a remonstrant. That requires him to allege that the conclusion or the ultimate fact is unsupported by the subordinate facts. There is no other method available to challenge a conclusion. **Liefeld vs. Coffin, supra.**

Hence, even if all the alleged admitted and undisputed facts set forth in Division B were added by this Court, the remonstrance must be overruled if the conclusion of the ultimate fact still remains in the report.

Nor does Division D assist in any manner the remonstrant. The failure to attack the conclusion as to the arbitrariness of the Zoning Board by the only method through which it may successfully be challenged leaves in the report the vital ultimate fact of illegality and unfairness by the Board.

With this conclusion unaffected by the method employed in the present remonstrance no other course is open than to overrule the remonstrance and accept the report, which is so ordered. **Holley vs. Sunderland, 110 Conn., 80.**