THE BURMA DEVELOPMENT CORPORATION *v.* EARLE G. SANFORD, CHAIRMAN OF THE REDDING ZONING COMMISSION

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued March 7—decided April 17, 1962

*Hereward Wake,* for the appellant (defendant).

*Sidney Vogel,* with whom was *Robert B. Seidman,* for the appellee (plaintiff).

ALCORN, J. The plaintiff sought a writ of mandamus to compel the defendant to issue a building permit. The court rendered judgment that the permit should issue, and the defendant has appealed.

The complaint alleged that the defendant is the chairman of the Redding zoning commission and as such has the duty under § 6(1) of the 1957 Redding zoning regulations to issue building permits; that the plaintiff made an application which complied with § 6 and which was accompanied by the necessary fee; but that the defendant refused to issue the permit. The defendant answered, admitting all allegations of the complaint. In addition to the admissions, the defendant alleged in a special defense that the plaintiff's grantors, as the owners of a tract of nine and one-half acres, conveyed about two and one-quarter acres to Harold A. Ritch, another parcel, of undisclosed size, to Carlton and Shirley Erickson, and the remainder, also of undisclosed size, to the plaintiff; that these conveyances constituted a "subdivision" under regulations of the Redding planning commission;[1] that no application for approval of the claimed subdivision had been filed with the planning commission; and that, at the planning commission's request, the defendant refused to issue the building permit. The plaintiff

---

[1] "[Redding Subdivision Regs. (1957)] Sec. 2(A). 'Subdivision' shall mean the division of a tract of land into three or more lots, not necessarily contiguous, for the purpose of sale or building developments for sale or rental. Division of a tract for agricultural purposes shall not be considered a subdivision. 'Subdivision' shall include resubdivision."

denied that the conveyances constituted a subdivision but admitted the rest of the special defense. The only issue of fact under the pleadings, therefore, was whether the land was a subdivision. On this issue, the defendant had the burden of proof. *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 477, 133 A.2d 901. The defendant requested no finding, and consequently there is none. The only facts of record, therefore, are those which appear from the pleadings and the judgment. *Gitlitz* v. *Davis,* 146 Conn. 280, 281, 150 A.2d 213. There is nothing to indicate that any evidence was offered by the defendant in support of the single disputed issue on the special defense. The court rendered judgment for the plaintiff. Nothing in the record indicates that any claim was made in the trial court that the pleadings were insufficient to support the judgment. Hence, no such question is before us. *Breen* v. *Larson College,* 137 Conn. 152, 156, 75 A.2d 39.

The single assignment of error is that the court erred "[i]n concluding that Earle G. Sanford, Chairman of the Redding Zoning Commission, should issue a building permit to the plaintiff." This assignment amounts to no more than a claim that the judgment was not a proper conclusion from the pleadings. See *Walker* v. *Waterbury,* 81 Conn. 13, 15, 69 A. 1021. Such an assignment is insufficient. Practice Book §§ 408, 409. It fails to specify in what way error was committed by the court. *Anderson* v. *New Canaan,* 70 Conn. 99, 102, 38 A. 944. We have repeatedly held that an assignment reciting only that the court erred in rendering a judgment is too general to merit consideration. *Berry* v. *Hartford National Bank & Trust Co.,* 125 Conn. 615, 620, 7 A.2d 847; *Liefeld* v. *Coffin,* 103 Conn. 279, 284, 130 A. 576; *Bridgeport Hydraulic Co.* v. *Bridgeport,*

103 Conn. 249, 256, 130 A. 164; *Hines* v. *Norwalk Lock Co.*, 100 Conn. 533, 535, 124 A. 17. The record does not suggest any consideration which would require us to disregard the procedural defect. Maltbie, Conn. App. Proc. § 167.

There is no error.

In this opinion the other judges concurred.