EDITH SOLOMON *v.* JOYCE P. MONTEITH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 10-6310-2745

Argued June 13—decided August 12, 1966

*John J. Mahon,* of Manchester, for the appellant (plaintiff).

*Joseph T. Sweeney,* of Norwich, for the appellee (defendant).

LEVINE, J. The plaintiff instituted a small claims suit against the defendant for property damage to a motor vehicle, the result of an accident which occurred on August 14, 1962. The plaintiff's attorney, having previously secured blank small claims and docket sheets and notice forms from the clerk, signed the claim in his office in Manchester on August 12, 1963, and mailed it to the tenth circuit at Norwich. The small claims docket sheet was entered on August 30, 1963, by the clerk's office and was received, via the mails, by the defendant on September 7, 1963. Thereafter the defendant, by suitable motion and affidavit, removed the case to the regular civil side of the court and filed a motion for summary judgment with affidavits alleging that the one-year Statute of Limitations barred a recovery. Summary judgment was granted by the court,

and from this judgment the plaintiff has appealed, assigning error in the granting of the summary judgment and in the finding. She claims that since § 900 of the Practice Book states that "[t]he signature by the plaintiff, or his attorney, on the docket sheet shall be deemed the beginning of the action," and since this occurred on August 12, at her attorney's office, this suit was brought within one year.

The trial court filed a memorandum of decision and a finding, both to the effect that a genuine issue of material fact or law did not exist. The court found as facts that the accident occurred on August 14, 1962, that the small claims docket sheet and entry fee were received through the mail and docketed by the clerk on August 30, 1963, and that the court receipt was dated August 30, 1963, and concluded that the action was not brought within the one-year Statute of Limitations and thus recovery was barred. The court further held that the date the court received the docket sheet was the date of commencement of the action. While the plaintiff claimed error in the finding, she offers no reasons within § 985 of the Practice Book for its correction, and in addition she is attempting to substitute her own version of the facts for the court's. The plaintiff's affidavits did not set forth any facts with respect to the date the clerk received the docket sheet, and therefore no genuine issue of fact as to that date existed.

We have previously held that the requirements of §§ 900 and 901 of the Practice Book must be met for the claim to be entered in court. *Witort* v. *United States Rubber Co.*, 3 Conn. Cir. Ct. 690, 697; see Stephenson, Conn. Civil Proc. § 192 (b), p. 204 (Sup. 1963). To enter the case, the docket sheet and entry fee must be received by the clerk in the

form recited in § 902 of the Practice Book. To hold otherwise would allow an attorney to sign the docket sheet at any time before the Statute of Limitations had elapsed and send or deliver it to the clerk at any time thereafter, a date which could be considerably past the period of limitation. In fact, the docket sheet could be signed by the attorney and never returned to court and under the argument advanced the statute would be tolled. A small claims action is the product of our statutes and the rule-making powers of the Supreme Court (General Statutes §§ 51-14, 51-15), and it is the only Connecticut procedure wherein process is delivered to the court and served by it rather than by the delivery to a sheriff or constable for service on the defendant and return to court. The general rule for this type of procedure is that the commencement of the action is the receipt by the court of the process. 54 C.J.S., Limitation of Actions, § 266. To follow the plaintiff's argument to its logical conclusion would provide different procedures and standards for the tolling of the Statute of Limitations for laymen, who would be required to appear at the clerk's office and sign the docket sheet and pay the entry fee to set the date for the commencement of the action, and a suit brought by a lawyer, who could sign the docket sheet outside of court and send it and the entry fee to the court any time he pleased. It should be noted that the docket sheet does not become official as such until the clerk enters it, and until that act is performed it is but a form of the court which may never appear officially in the court records except when it is filed in court. It should be further noted that the Practice Book does not provide for the procedure used by the plaintiff. Section 905A allows an attorney to secure blank docket sheet forms and requires the completion of same, their delivery to a proper person for service,

and their return to the clerk's office. The only other method of commencement of a small claims suit is the signing and filing at the clerk's office in accordance with §§ 900-903 of the Practice Book.

There is no error.

In this opinion KOSICKI, J., concurred.

JACOBS, J. (concurring). The issue involved in this appeal from a summary judgment in favor of the defendant is: At what precise point will a small claims action be deemed to have been commenced for the purpose of tolling the Statute of Limitations? The plaintiff would have us believe that "[t]he Practice Book makes [it] clear that the plaintiff's attorney need only sign the docket [sheet] to commence the action." See Practice Book § 900. If we were to follow the plaintiff's theory to its end result, the control and custody of small claims matters would pass from the courts to private offices of claimants or lawyers. Obviously, something more is required of a claimant; he must also pay the entry fee. See Practice Book § 901. When these indispensable and essential requisites are followed, a plaintiff is relieved of his traditional burden of drawing a complaint and effecting service of process; to the clerk is committed the task of preparing a written statement of the plaintiff's claim "on the docket sheet in concise, untechnical form" (Practice Book § 902) and of effecting an informal notice upon the defendant in the manner provided for in Practice Book § 904. When these steps are taken, the small claims action is deemed to have been commenced for the purpose of tolling the statute, even though notice to the defendant is received after the Statute of Limitations has run. See *Witort* v. *United States Rubber Co.,* 3 Conn.

Cir. Ct. 690, 697; Stephenson, Conn. Civil Proc. § 192 (b), p. 204 (Sup. 1963).

Contrary to the plaintiff's claims as they appear in her affidavit in opposition to the defendant's motion for summary judgment, we must presume from the official action taken by the clerk that he received the original small claims docket sheet together with the entry fee on August 30, 1963, and at the same time made the docket entry. "Public officers acting officially are presumed to have done their duty until the contrary appears." *Atwater* v. *O'Reilly*, 81 Conn. 367, 371; see *Hellman* v. *Karp*, 93 Conn. 317, 323; 9 Wigmore, Evidence (3d Ed.) § 2534; Holden & Daly, Conn. Evidence § 36. "Stated in another way, it is, as a general rule, presumed that a public official properly and regularly discharges his duties, or performs acts required by law, in accordance with the law and the authority conferred on him, and that he will not do any act contrary to his official duty or omit to do anything which such duty may require." 31A C.J.S. 322, Evidence, § 146.

Consequently, in my view of the case, the trial court was clearly correct in granting the defendant's motion for summary judgment.