This case involves a dispute over two insurance policies issued on the defendant's life. The finding discloses that the parties *Page 557 
intermarried in 1938. The insurance policies in question were issued in 1939 and 1949, and during the marriage were kept at the family residence. Under the terms of the policy the defendant has the sole right to designate and change the name of the beneficiary. At all times the plaintiff has been so designated. Throughout the marriage the defendant was gainfully employed and was the "breadwinner" of the family. The plaintiff's employment was sporadic and her earnings were small. The defendant turned his entire paycheck over to the plaintiff who used the funds to pay all the bills and expenses, including the insurance premiums. In July, 1973, the plaintiff was granted a divorce decree. Since the divorce the insurance policies have been in the plaintiff's possession. At the time of the divorce hearing neither party disclosed the existence of the life insurance policies and no disposition of those policies was made in the divorce decree. The trial court concluded that the defendant is the owner of the policies and has the right to change beneficiaries, that the plaintiff has no right, legal or equitable, to the possession of the policies and can create no such right by retaining them, and that the plaintiff is not entitled to damages or injunctive relief restraining the defendant from changing beneficiaries or cancelling the policies.
In her motion to correct the finding the plaintiff requests the addition of two paragraphs. The first paragraph asserts that the cash surrender value of the life insurance policies was accumulated as a joint venture. Although there is a statement in the evidence which tends to support this addition, the context in which it appears is equivocal, and, therefore, the requested addition cannot be made. Masti-Kure Products Co. v. Appel,161 Conn. 108, 114. The second paragraph involves a loan on the policies taken out by the defendant. *Page 558 
Because the addition of this paragraph could not affect the result, it serves no purpose to include it. Lewis v. Lewis, 162 Conn. 476, 481.
The plaintiff assigns error in the court's conclusion that the plaintiff is not entitled to any relief whatsoever. This is a curious assignment because there is no claim that the conclusions are not supported by the facts found, nor is there a claim that the facts found are not supported by the evidence. Since the assignment lacks the specificity required by the rules, Practice Book 568E, we do not consider it. Burma Development Corporation v. Stanford, 149 Conn. 414,416.
As a result of the failure of the parties to include the insurance assets in their financial affidavits filed with the court in the divorce action, the plaintiff claims that the lump sum alimony award was less than she was entitled to and, therefore, that the court of equity should redress the situation. Since her equitable position is no better than that of the defendant, however, the defendant's legal position must prevail. Organized Charities Asso. v. Mansfield,82 Conn. 504, 511.
 There is no error.
SPEZIALE, PARSKEY and SPONZO, Js., participated in this decision.